Argued July 20, affirmed in part, reversed and remanded in part
September 6, 1978

In the Matter of the Dissolution of the Marriage of
DRAKE, *Petitioner,*
*and*
DRAKE, *Respondent.*

STATE ex rel DRAKE, *Respondent—Cross-Appellant,*
*v.*
DRAKE; *Appellant—Cross-Respondent.*
(No. 406-395, CA 9127)
(Consolidated cases)
583 P2d 1165

Michael J. Walsh, Portland, argued the cause and filed the briefs for appellant—cross-respondent.

James W. McClurg, Portland, argued the cause for respondent—cross-appellant. With him on the brief was Kennedy, King & McClurg, Portland.

Before Thornton, Presiding Judge, and Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

This is a consolidated appeal and cross-appeal from orders in two contempt proceedings following a 1976 decree of dissolution of marriage. The dissolution trial was extensively contested and there have been numerous post-decree proceedings. They are memorialized in a 700-page trial court file plus volumes of transcript which we need not detail. It is sufficient to characterize the post-decree proceedings as resulting almost entirely from the husband's determined efforts to avoid the performance of his obligations under the decree.[1]

In August, 1977, husband was found in contempt for wilful failure to pay child support as required by the decree. Also, he was found not to be in contempt for failing to deliver a deed of his interest in a jointly-owned condominium, but he was ordered to do so. He appeals from the provisions of the order regarding the condominium. Also, there is no provision in the order regarding attorney fees, but the court orally denied attorney fees to both parties. Husband appeals regarding the denial of attorney fees to him and wife cross-appeals the denial of attorney fees to her.

## I. DEED TO THE CONDOMINIUM

The decree of dissolution incorporated a property settlement agreement of the parties which included the following paragraph:[2]

"The parties are tenants in common in a joint venture of a condominium located at Black Butte Ranch. Upon the entry of a decree of dissolution of marriage, wife

---

[1] Although the appelations "husband" and "wife" are obviously no longer accurate, we use them here for clarity.

[2] The decree does not include a legal description of the property or a time for performance and hence does not itself act as a conveyance under ORS 23.020(1), which provides:

"A decree requiring a party to make a conveyance, transfer, release, acquittance, or other like act within a period therein specified shall, if such party does not comply therewith, be deemed to be equivalent thereto."

shall purchase husband's one-half interest based on fair market value of $70,000.00, that is, wife shall pay to husband as and for all of his interest in said condominium, the sum equal to one-half of the parties' equity in said property after deducting the present mortgage balance and any encumbrances against the property as of the said date."

After husband's appeal from the decree was dismissed, wife tendered to him $18,454.68 (the value of husband's one-half interest based upon a calculation of $70,000 minus the encumbrances) and demanded the deed of husband's interest. Husband refused to accept the money tendered and refused to tender the deed. Following the ensuing contempt proceeding the court found:

"Mr. Drake has failed and refused to turn over the deed for the Black Butte condominium and the title to the Mercedes automobile as provided in the Property Settlement Agreement and approved by the Court. The offer of the plaintiff to make payment in accordance with the terms of the Decree was denied at the time of the hearing before me."

The court ordered:

"Mr. Drake is not in contempt of Court for failing to deliver the deed of the Black Butte condominium or the title of the Mercedes automobile. However, upon his being tendered the sums required under the Property Settlement Agreement and the demand for title of the Mercedes automobile, he shall do so."

Husband appeals from the provision of the order on two bases. First, he asserts by way of defense that he is entitled to more money to compensate him for appreciation or interest for the period between the decree and the tender. The defense is frivolous because the decree fixes the amount of $70,000 as the fair market value and makes no provision for modification of that amount in any respect. Furthermore, the period of delay for which husband wishes to be compensated was composed primarily of the time needed for the disposition of his appeal and of time in which he was in default of his other financial obligations under the

decree. There is no legal or equitable basis for defendant's theory of avoidance.

■ Husband's second argument is that the order is beyond the jurisdiction of the court. The applicable statutes are clearly to the contrary. The court in this matter had full equitable powers under ORS 107.405, which provides:

> "When a court is sitting in proceedings for annulment or dissolution of a marriage, or for separation, it shall have full equity powers."

Husband acknowledges that the court has the general authority to resort to contempt for the enforcement of its orders under ORS 23.020(2), which provides:

> "The court or judge thereof may enforce an order or decree in a suit by punishing the party refusing or neglecting to comply therewith, as for a contempt."

He claims, however, that the order falls within the exception set out in ORS 23.020(3)(a):

> "Subsection (2) of this section does not apply to an order or decree for the payment of money, except orders and decrees for the payment of suit money, alimony and money for support, maintenance, nurture, education or attorney's fees pendente lite, or by final decree, in:
>
> "(a) Suits for dissolution of marriages."

■ The simple answer is that this is not an order for the payment of money. It is an order to deliver a deed. Therefore, the "payment of money" exception within subsection (3)(a) does not apply for the protection of the husband.

Husband's reliance upon *Kuckenberg v. Kuckenberg,* 252 Or 647, 452 P2d 305 (1969), is misplaced. There an amicable division of household furnishings pursuant to the decree was unattainable. Therefore, upon application of the wife, the court issued an order directing the sheriff to take possession of the property, sell it and divide the proceeds equally between the parties. The Supreme Court reversed, holding that the court's action was a modification of the property settlement portions of the decree and held that the

trial court had no authority to do so. This case is distinguishable. Here the court is requiring performance as ordered by the decree as written. Unlike *Kuckenberg,* the order adds no additional terms to what was initially decreed. Therefore, the order is within the authority of ORS 23.020.

The statement by this court in *State ex rel Stirewalt v. Stirewalt,* 7 Or App 544, 546, 492 P2d 802 (1972), that Oregon courts cannot enforce the property settlement provisions of divorce decrees by contempt proceedings, is overly broad. The statement was intended to apply only to decree provisions requiring property settlement money payments such as that involved in the *Stirewalt* case. The court did not intend to modify the plain meaning of the statute. The same may be said of the broad language of the Supreme Court in *Jensen v. Jensen,* 249 Or 423, 432, 438 P2d 1013 (1968).

Here the order is not a modification of the property settlement decree; it is an enforcement of it. Moreover, here the order is not for the payment of money; it is for the performance of an act which is required in the property settlement provisions of the decree. Therefore, it was within the power of the court to so order and it will be within the power of the court to enforce by contempt. We uphold that portion of the order.

## II. ATTORNEY FEES

Husband appeals and wife cross-appeals from the denial of attorney fees for the contempt proceeding. We review rulings regarding attorney fees de novo on the record and accord deference to the determination of the trial court. *Colbath and Colbath,* 15 Or App 568, 516 P2d 763 (1973).

As noted above, the contempt proceeding resulted in an order finding husband to be in contempt for wilful failure to pay child support. It further found that he wilfully refused to deliver the deed to the condominium, but declined to hold him in contempt

[ 58 ]

therefore and, rather, ordered him to do so upon a tender of payment as set out in the property settlement agreement.

■ Regarding husband's appeal from the denial of attorney fees, two comments will suffice to answer: (1) Although husband narrowly escaped being found in contempt for two reasons instead of one, his was not a smashing victory; (2) At the conclusion of the hearing, husband's counsel advised the court "I don't think attorney's fees should be awarded to either side." Thus husband neither prevailed nor preserved his request.

■ Disposition of the cross-appeal requires more discussion. The discretion of the trial court to award attorney fees is established by ORS 107.445. The discretion is not absolute; it is discretion to apply legal principles.

The trial court expressed no reason for the denial. The most reasonable inference is that the denial was based on the financial ability of each party to bear the costs of litigation. We believe this consideration is outweighed by others.

■ The decree ordered the payment of child support to the wife as the husband's share of the cost of their upbringing. To allow the obligated parent to avoid or defer payments until faced with contempt is to discourage compliance with and to foster disdain and disregard for the decree of the court. To require the entitled parent to initiate contempt proceedings in order to obtain payment not only encourages obstruction, but, unless the costs of litigation are ameliorated, diminishes the amount of the ultimately collected funds which are actually available for the support of the children. Therefore, unless there are countervailing circumstances, it is ordinarily appropriate to allow attorney fees to a parent who enforces a support order by prevailing in a contempt proceeding. Here, the wife's request for attorney fees is allowed.

[ 59 ]

Because attorney fees were denied, there is no showing as to amount. Accordingly, the case is remanded for determination of reasonable attorney fees, *see, Baratta and Baratta,* 18 Or App 261, 524 P2d 1233 (1974), and modification of the order to allow such to wife.

■ Husband also appeals the denial of attorney fees for a subsequent contempt proceeding resulting in the November, 1977, order. After the July contempt hearing, wife, pursuant to the trial court's order, tendered the sum of $18,454 to husband who immediately rejected the tender. She then instituted a contempt proceeding against husband to require his delivery of the deed.

Thereafter, husband filed his notice of appeal from the first contempt proceeding. Both parties agreed that the trial court did not have jurisdiction because of the pending appeal and the contempt proceeding was therefore dismissed by the trial court.

While it is true that husband prevailed, he did so by appealing the order which we uphold in this appeal. He did not prevail under any circumstances which remotely suggest the equity of requiring wife to contribute to his attorney fees. The order is affirmed.

Thus, we uphold both orders on appeal, except that the order of August 2, 1977, is remanded for determination and award of reasonable attorney fees to wife.

Affirmed in part; reversed and remanded in part. Costs to respondent.