Submitted on record and brief June 13, affirmed November 7, 1984

In the Matter of the Marriage of

FITZGERALD,
*Appellant,*
*and*
FITZGERALD,
*Respondent.*

STATE ex rel FITZGERALD,
*Respondent,*

*v.*

FITZGERALD,
*Appellant.*

(15-79-10671; CA A29099)

690 P2d 1114

Lann D. Leslie, and McGavic & Boyd, P.C., Eugene filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is an appeal from a contempt proceeding relating to a 1980 decree of dissolution. In March, 1983, the trial court entered an order directing wife to show cause why she should not be found in contempt for disobeying the decree. The show cause order was based on husband's affidavit to the effect that wife had sold a bicycle and bicycle parts awarded to him in the decree and that wife had repeatedly denied him visitation rights. After a hearing,[1] the court found that the wife was not in contempt for selling the bicycle and parts, but entered a judgment against her for $1,000, the reasonable value of that property. The court found her in contempt for denying husband's visitation rights, suspended imposition of sentence for six months and permitted her to purge herself of the contempt by stipulating with husband to a modification in the visitation schedule and a reduction in husband's child support obligation during the extended visitation. Wife appeals. We affirm.

Wife first assigns as error the trial court's $1,000 judgment for husband. She argues: (1) The court had no authority to exercise its contempt power to enforce the property disposition provisions of the decree; (2) under ORS 33.110,[2] the court could enter a monetary judgment only if it first found her in contempt for selling the bicycle and parts; and (3) she was denied due process of law, because the show cause order did not notify her that the court might enter a monetary judgment against her.

■ Wife's first argument is refuted by *Drake and Drake,* 36 Or App 53, 583 P2d 1165 (1978). In that contempt proceeding, the trial court did not find the husband in contempt for failing to convey a deed to the wife as provided in the dissolution decree, but ordered him to do so. On appeal, the

---

[1] Wife's counsel was not present at the hearing. There was some dispute as to whether counsel received notice of the hearing. That issue is not raised on appeal.

[2] ORS 33.110 provides:

"If any loss or injury to a party in an action, suit or proceeding, prejudicial to his rights therein, has been caused by the contempt, the court or judicial officer, in addition to the punishment imposed for the contempt, may give judgment that the party aggrieved recover from the defendant a sum of money sufficient to indemnify him * * *."

husband argued that the order was beyond the court's jurisdiction. We held that the order was within the court's "full equitable powers" under ORS 107.405[3] and its "general authority to resort to contempt for the enforcement of its orders" under *former* ORS 23.020.[4]

Under *Drake,* the trial court in this case could have ordered wife to deliver the bicycle and parts to husband. That, however, was impossible, because those items had been sold to a third party. The court took the alternative logical step and ordered wife to pay husband their reasonable value. It had jurisdiction to do so under its equitable powers and its authority to resort to contempt to enforce the decree. *Drake and Drake, supra.*

We need not address wife's second argument, for the court's power to enter the judgment was not found in ORS 33.110.

■ ■  Wife's due process argument is unpersuasive. Due process requires that the notice given make it reasonably probable that the party proceeded against is apprised of the substance of the proceedings and is given an opportunity to defend. *Frederick v. Douglas Co. et al.,* 176 Or 54, 65, 155 P2d 925 (1945). The show cause order notified wife that she might be held in contempt for failure to obey the dissolution decree unless she appeared and convinced the court otherwise. Thus, she was apprised of the nature of the proceedings against her and of her right to appear and defend. That she was unaware of the extent of the court's power to fashion relief does not render the notice insufficient.

Wife's second assignment is that the trial court erred in finding her in contempt and permitting her to purge herself of the contempt in the manner ordered. She argues that (1) the trial court could not find her in contempt without a specific

---

[3] ORS 107.405 provides:

"When a court is sitting in proceedings for annulment or dissolution of a marriage, or for separation, it shall have full equity powers."

[4] At the time *Drake* was decided ORS 23.020(2) provided:

"The court or judge * * * may enforce an order or decree in a suit by punishing the party refusing or neglecting to comply therewith, as for a contempt.

The substance of the statute is now ORCP 78B.

finding that she had actual knowledge of the terms of the decree; (2) the trial court abdicated its responsibility to modify the decree by allowing the parties to stipulate to a modification; and (3) she was denied due process of law because the show cause order did not notify her that husband's visitation rights might be modified. We reject her third argument for the same reason set forth above.

■ ■ Turning to wife's first argument, it is true that findings of fact must be made before a person can be found in contempt. *State ex rel Hixson v. Hixson,* 199 Or 574, 263 P2d 603 (1953); *State ex rel. v. Bassett,* 166 Or 628, 113 P2d 432, 114 P2d 546 (1941). The trial court made certain findings, but it did not specifically find that wife knew of the terms of the decree. We hold that such a finding was unnecessary, because she did not raise the issue of her knowledge in the trial court. In his affidavit, husband asserted that wife was aware of the visitation provisions of the decree and the order modifying the decree. Wife did not deny that allegation in her responding affidavit. There was no factual dispute regarding her knowledge for the trial court to settle. The lack of a finding on the matter was not fatal to the court's judgment. *Cf. State v. Stillwell,* 80 Or 610, 157 P 970 (1916) (where issue of fact existed as to whether husband was served with divorce decree and order requiring him to pay support, absence of finding that he was served precluded a finding that he was in contempt for failure to pay).

■ Wife cites no support for her second argument. However, ORS 107.431 provides that the *court* may modify the visitation provisions of the dissolution decree and sets forth the procedure to be followed. Her implicit argument is that the parties cannot modify the decree by stipulation, as the court allowed in this case. However, the court's authority to fashion the relief granted in this case is not found in ORS 107.431, but in the court's contempt powers as discussed in *Drake and Drake, supra.* As stated in 17 CJS 290, *Contempt* § 106, "A contemnor, after adjudication, may be permitted to purge himself in any manner deemed proper by the court."

Affirmed. No costs to either party.