Argued and submitted May 1, affirmed August 28, 1991

VIKING EXPLORATION, INC.,
*Appellant,*

*v.*

Charlie A. TREFETHEN,
Carol E. Trefethen, Larry E. Trefethen
and Victoria L. Trefethen,
*Respondents,*

*and*

CENTRAL MONTANA ASSAY
& ENGINEERING CO., INC.,
*Defendant.*

(82-423-L; CA A62405)

816 P2d 680

Andre Keith Silvola, Colorado Springs, Colorado, argued the cause for appellant. With him on the briefs were Walter L. Cauble and Schultz, Salisbury & Cauble, Grants Pass.

Richard D. Adams, Grants Pass, argued the cause for respondents. With him on the brief were Charles G. Adams, Lynn Myrick and Myrick, Seagraves, Myrick, Adams & Davis, Grants Pass.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J.

## RICHARDSON, P. J.

Plaintiff appeals from the judgment in this "replevin" and accounting action, arising out of the termination of the parties' joint venture. Plaintiff makes 17 assignments of error, few of which merit discussion.

■ The matter was at first referred to a referee, Richard Elam, pursuant to ORCP 65. Plaintiff's first assignment is that the trial court erred by conducting a "trial *de novo,*" rather than accepting the referee's findings.[1] The reason for that procedure was either that the parties stipulated, or the court understood them to have stipulated, to a trial by the court, rather than its acceptance of the referee's findings. ORCP 65E(3)(a). Even if that was not the intended meaning of the parties' confusing colloquy concerning the stipulation, plaintiff made no objection when the court indicated what procedure it would follow and how it interpreted the stipulation. The first assignment is without merit.

■ Plaintiff contends that the court erred by allowing Elam to testify as an expert on behalf of defendants after he had served as a referee. Although his testifying may not have shown impeccable judgment on his part or that of defendants' counsel, plaintiff does not explain how it might have resulted in reversible error. Elam's findings were not binding on the court, and the trial judge, who was the trier of fact, was fully aware of both of Elam's roles. Plaintiff does not show how Elam's serving as a witness prejudiced it; it simply assumes error and reversibility from the fact that he testified. That assumption is wrong.

■ Plaintiff next challenges the court's findings that two of its witnesses were not credible, and that defendants' witnesses were credible. We usually defer to a trial court's credibility determination. Moreover, in this case, it would be most difficult to understand how the court could have found differently than it did, at least with respect to the lack of credibility of plaintiff's witnesses. In addition to the dubious substance of their testimony, one of them was impeached by the fact that he had been convicted of three felonies involving moral turpitude and had been disbarred as a lawyer. At oral

[1] This assignment bears discussion only because of its relationship to the next one to be discussed.

argument in this court, plaintiff's counsel bolstered the assignment by pointing out that the witness had been acquitted of other charges and that some of his convictions may have arisen out of one episode. That does nothing to alter our conclusion that the trial court's credibility assessment should not be disturbed. *Cf. Drake and Drake,* 36 Or App 53, 59, 583 P2d 1165 (1978) ("Although husband narrowly escaped being found in contempt for two reasons instead of one, his was not a smashing victory").

Plaintiff further assails the court's credibility findings, along with certain other rulings, by stating:

"[T]he Trial Court sought to buttress its ultimate decision by ruling on the credibility of the witnesses so its gross Prejudicial Error would be overlooked [on appeal]." (Emphasis deleted.)

Plaintiff's counsel offers no substantiation for his[2] assertion about the trial judge's motives and conduct.

Affirmed.

---

[2] Although associated counsel appear on the brief in which the statement was made, it is signed only by plaintiff's primary appellate attorney, Silvola.