Argued and submitted May 31, appeal dismissed as moot; reversed and remanded on cross-appeal with instructions July 12, 2000

## STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

## DANIELLE ELIZABETH HOUSE,
*Respondent - Cross-Appellant.*

(CR9700707; CA A102383)

7 P3d 705

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant - cross-respondent. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Susan F. Drake, Deputy Public Defender, argued the cause for respondent - cross-appellant. With her on the briefs was David E. Groom, Public Defender.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

The state appeals from a judgment imposing a downward departure sentence under the sentencing guidelines on a manslaughter conviction that was subject to the mandatory minimum sentencing requirements of Measure 11. Defendant cross-appeals, arguing that the trial court erred in granting the state's demand for a jury trial and also erred when it allowed evidence of her prior uncharged misconduct. We agree that the trial court erred in refusing to accept defendant's waiver of a jury trial and reverse and remand.

Defendant was charged with intentional murder with a firearm, ORS 163.115(1)(a),[1] after killing her domestic associate, Donald Hayes. According to defendant, Hayes beat her and threatened her with a gun that discharged during a physical struggle resulting in his death. In a pretrial motion, defendant unsuccessfully challenged the constitutionality of Measure 40 and the provision of Senate Bill 936 that authorized the state to demand a jury trial. ORS 136.001.[2] She then waived her right to a jury trial and requested a trial before the court. The state objected to the waiver, relying on Measure 40 and ORS 136.001. The trial court ruled that the state had the right to demand a jury trial. However, because of the trial court's concern that the validity of Measure 40 and ORS 136.001 was "unsettled law," it also ruled that it would reach an independent verdict, which it would seal, to prevent the necessity of a retrial in the event that the appellate courts declared that Measure 40 and ORS 136.001 were unconstitutional.

At trial, the state introduced, over defendant's objection, evidence that several years earlier she had discharged a

---

[1] ORS 163.115(1)(a) provides, in part:

"(1) Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder:

"(a) When it is committed intentionally * * *[.]"

[2] ORS 136.001 provides:

"(1) The defendant and the state in all criminal prosecutions have the right to public trial by an impartial jury.

"(2) Both the defendant and the state may elect to waive trial by jury and consent to a trial by the judge of the court alone, provided that the election of the defendant is in writing and with the consent of the trial judge."

firearm in the vicinity of a person who had threatened her. The jury convicted defendant on the lesser included charge of manslaughter in the first degree with a firearm, which carries a mandatory minimum sentence of 120 months pursuant to Measure 11. ORS 163.118(1); ORS 137.700(2)(a)(D). The trial court's verdict was not guilty. At sentencing, the court ruled that the Measure 11 sentence, as applied to defendant, constituted cruel and unusual punishment in violation of Article I, section 16, of the Oregon Constitution,[3] and imposed a sentence of 60 months' imprisonment as a downward departure.

The state appeals, challenging the trial court's refusal to impose the 120-month mandatory minimum sentence. Defendant cross-appeals, arguing that the trial court should have refused the state's demand for a jury trial and that it should have excluded evidence of the prior episode in which she discharged a weapon. After the parties submitted written briefs to this court, we decided *State v. Maddox*, 165 Or App 573, 997 P2d 276 (2000). In *Maddox*, we followed the Oregon Supreme Court's holding in *State v. Baker*, 328 Or 355, 976 P2d 1132 (1999), that the state's right to demand a jury trial under ORS 136.001 "infringed on a defendant's right to waive a jury, as provided in Article I, section 11[, of the Oregon Constitution]." *Maddox*, 165 Or App at 575. We rejected the state's argument that the trial court's error in compelling the defendant to waive her constitutional right to request a court trial was harmless and concluded that the error was "inherently prejudicial," thus requiring a new trial. *Id.* at 577.

The state concedes that under *Maddox* and *Baker*, the trial court erred in requiring defendant to submit to a jury trial and argues that the proper remedy, as in *Maddox*, is reversal of defendant's conviction and a remand for a new trial. Defendant agrees that remand is proper but argues that we must instruct the trial court on remand to vacate her conviction and enter its previously reached verdict of not

---

[3] Article I, section 16, of the Oregon Constitution, provides, in part, that "[c]ruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."

guilty. Defendant contends that it would be improper to disregard the trial court's verdict when she and the state agreed in advance to the procedure; she asserts that "[i]n essence, the trial court held two trials at once." The state responds that the prosecutor never expressed an intention to be bound by the trial court verdict in the event the jury verdict was invalidated.

On review of the trial court record, we conclude that the prosecutor *did* agree to the procedure proposed by the court. Before the trial began, the trial court stated to the parties that,

> "[u]nder the circumstances of this case it will be this Court's intention after the jury has left for deliberations to make a finding as to what this Court would have found had this been a Court trial. The purpose of that is so that it is not re-tried on this issue alone * * *."

The state did not object. After the jury rendered its guilty verdict, the following colloquy occurred between the court and counsel:

> "THE COURT: The other thing that I should state for the record, I indicated when this Court ruled on whether or not the State had a right to a jury trial in this matter, in which the Court concluded that the State did in fact have a right to require a jury trial, as I expressed then, this is unsettled law in the State of Oregon and that it was my understanding after the jury left, to render a factual determination as if I were the trier of fact so that would be made part of the record.

> "In conversations in chambers, I indicated that it would be my suggestion that I do that in written form and then seal that decision until such time as it might become relevant on appeal.

> "There was an assent to that suggestion by both parties in chambers. I assume that remains the case. Is that correct?

> "[DEFENSE COUNSEL]: Yes, Your Honor.

> "[PROSECUTOR]: Correct, Your Honor.

> "THE COURT: And I'll then render my own written opinion and seal that document for the court file to be

opened only by the Appellate Court, should they find it to be relevant."

In previous cases in which the parties have agreed to a trial court procedure that is somewhat out of the ordinary, we have held them to be bound by their stipulation. For example, in *Viking Exploration, Inc. v. Trefethen*, 108 Or App 530, 532, 816 P2d 680 (1991), the parties' dispute was originally heard before a referee pursuant to ORCP 65. When the case reached the trial court, the parties stipulated to a trial by the court, rather than, as would normally be done, having the court accept the referee's factual findings. *Id.* The plaintiff assigned error; we held that because "plaintiff made no objection when the court indicated what procedure it would follow and how it interpreted the stipulation[,]" the claim of error was meritless. *Id.*; *see also Jaeger and Jaeger*, 224 Or 281, 287-88, 356 P2d 93 (1960) (where appellant had made an informed agreement to procedure by which trial judge interviewed witnesses outside her presence, she is bound by that decision). The state points to no principle of law, and we have found none, suggesting either that the trial court lacked the power to render its own verdict under the unusual circumstances present in this case or that we cannot order that the verdict be entered on remand. At oral argument, the state disputed that the prosecutor had stipulated to the alternate-verdict procedure but conceded that if he had done so, the state would be bound by its agreement.

The state nonetheless argues that our

"rejection [in *Maddox*] of the state's harmless-error argument necessarily rests on an unstated assumption that a defendant may be able to obtain a different result based on the same facts by having the case tried to a judge rather than to a jury. If that is so, then it becomes of critical importance to the validity of a verdict that the parties knew *during the trial* who the fact-finder ultimately would be."

However, it is clear that the state *did* recognize that it was trying the case to the jury *and* to the court. Because of that fact, we need not reach the dilemma the state poses. In agreeing to the procedure followed by the court, the state did not suggest that it had any tactical or strategic concerns about simultaneously presenting exactly the same evidence and

argument to separate finders of fact. Because the state agreed to the entry of a provisional verdict by the trial court, we conclude that it should be held to that verdict. Therefore, we remand the case to the trial court with instructions to vacate defendant's conviction and to enter its verdict of not guilty.[4]

Appeal dismissed as moot; reversed and remanded on cross-appeal with instructions to vacate defendant's conviction and to enter judgment of acquittal.

---

[1] Because of our disposition of defendant's cross-appeal, we do not consider the state's assignment of error or defendant's alternative arguments for reversal.