Argued and submitted November 12, 1993, affirmed January 26, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN R. WINKLER, JR.,
*Appellant.*

(92-1017; CA A78272)

868 P2d 12

Michael R. Sahagian argued the cause and filed the brief for appellant.

Jonathan H. Fussner argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals his conviction for assault in the second degree, ORS 163.175, and burglary in the first degree. ORS 164.225. He assigns error to the denial of a motion for mistrial and the jury's verdict finding him guilty of assault in the second degree. We affirm.

On December 7, 1991, the police were alerted to a burglary in progress and confronted defendant at the scene. Defendant, who was under the influence of intoxicants, attempted to escape in a vehicle. The police shot and wounded defendant as he was driving away. Defendant's vehicle struck a police officer during the incident. Defendant was indicted for burglary in the first degree and assault in the first degree.

The central dispute at trial was whether defendant was shot before or after his car struck the police officer. During direct examination, defendant admitted that previously he had been convicted of assault in the third degree, which involved his operation of a vehicle while under the influence of intoxicants. During cross-examination, the prosecutor questioned defendant:

"[PROSECUTOR]: You were actually under the influence, weren't you?

"[DEFENDANT]: Yes, I was.

"[PROSECUTOR]: Just like the other time you got in a car and hurt somebody; isn't that correct?

"[DEFENDANT]: Yes.

"[PROSECUTOR]: No further questions."

After the jury was excused for noon recess, defendant moved for a mistrial on the basis of the prosecutor's cross-examination. The court denied the motion. When the jurors returned, the court gave a curative instruction.[1]

---

[1] The court instructed the jury:

"Members of the jury, there was a reference to a prior conviction of the defendant in this case, and I instruct you in that regard that if you find that the defendant has previously been convicted of a crime, you may consider this conviction only for its bearing, if any, on the believability of the defendant's testimony. Specifically you may not use this evidence, that is the evidence of a prior conviction, for the purpose of drawing the inference that because the defendant was convicted of a previous crime the defendant may be guilty of the crime charged in this case — the two crimes charged in this case."

■ Defendant first assigns error to the denial of his motion for a mistrial. The prosecutor's cross-examination was not improper. Defendant opened the door to that cross-examination when he explained some of the circumstances involved in his previous conviction. In addition, defendant made no contemporaneous objection to the prosecutor's question and did not move for a mistrial until cross-examination and redirect examination had been completed. Defendant's motion was too late. *See State v. Kolbe*, 115 Or App 268, 273, 838 P2d 612 (1992), *rev den* 315 Or 644 (1993). The trial court did not err when it denied defendant's motion.

■ Defendant's second assignment of error involves the court's "order of deliberation" instruction. Over the state's objection, the trial court instructed the jury, in part:

"If you don't agree on the first one you go on to the next one without making any marks on the document. * * * If you fail to agree on assault in the first degree then you can move on to assault in the second degree with a brief explanation as to what you do."

Defendant contends that the instruction was correct but that the court should not have accepted the guilty verdict on assault in the second degree. His position is that the jury found him not guilty of assault in the first degree and, therefore, was forbidden, under the court's instruction, from considering the second degree assault charge.

Defendant is wrong about the correctness of the instruction and its message to the jury. The instruction was wrong in the sense that it did not fully inform the jury that it could consider lesser included offenses if it found "the defendant not guilty on the charged offense" or if it could not "agree on a verdict on the charged offense." *See State v. Allen*, 301 Or 35, 717 P2d 1178 (1986); *State v. Ogden*, 35 Or App 91, 580 P2d 1049 (1978).

In addition, we do not agree with defendant's contention that the instruction explicitly forbade the jury from considering the lesser included offense. The instruction stated that if the jury failed to agree, then it could consider a lesser included charge. The instruction neither tells the jury whether a guilty verdict would constitute their agreement nor what to do if it found defendant not guilty of assault in the

first degree. The jury simply exercised common sense and moved on to the lesser included charge.

Defendant did not object to the jury instruction. He made a tactical decision to take his chances with the erroneous instruction. There was no reversible error.

Affirmed.