Submitted on record and briefs November 7, 1996, affirmed January 29, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## RICARDO CORNELL YSASAGA,
*Appellant.*

(9505-33304; CA A91929)

932 P2d 1182

Helen L. Cooper and Ferder, Brandt, Casebeer, Cooper, Hoyt & French LLP filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Eleanor E. Wallace, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his convictions for rape in the first degree, ORS 163.375, burglary in the first degree, ORS 164.225, and attempted assault in the second degree, ORS 163.175; ORS 161.405(1). He assigns error to the admission of evidence of a prior assault conviction and the denial of a demurrer challenging the mandatory minimum sentencing provisions of Ballot Measure 11. We affirm.

At the time of the incident underlying defendant's convictions, defendant and the victim had an on-going relationship and had had a child together. Defendant previously had been convicted of assaulting the victim, which resulted in a restraining order against him. On the date at issue in this case, defendant went to the victim's apartment, broke in her door, knocked her to the floor, choked her and forced her to have sexual intercourse.

At trial, defendant's mother testified that she had never seen defendant strike the victim. The prosecutor then asked:

"But you knew that he had been arrested for and later convicted for assault against her; isn't that right?"

Defendant made no objection. Only after cross-examination had concluded and the jury was excused for lunch did defendant move for a mistrial based on the prosecutor's question. The trial court denied the motion as untimely and ruled that mention of the assault conviction was proper cross-examination that was not unduly prejudicial.

On appeal, defendant assigns error to that ruling. However, he made no contemporaneous objection to the prosecutor's question and waited until cross-examination had finished before moving for a mistrial. "Defendant's motion was too late." *State v. Winkler*, 126 Or App 149, 152, 868 P2d 12 (1994) (holding that denial of motion for mistrial was not error under similar circumstances).

Furthermore, even assuming that the trial court erred, that error was harmless. Evidence of the assault had already come in through the victim, who testified that defendant had been arrested for attacking her the night before she

had obtained the restraining order. Defendant does not assign error to the admission of that testimony. Moreover, defendant did not object when the prosecutor later elicited defendant's own testimony that he had been convicted of assault based on that incident.

■ We next address defendant's pretrial challenge to the sentencing provisions of Ballot Measure 11, which provides, in part:

> "Section 1. (1) When a person is convicted of one of the offenses listed in subsection (2) of this section and the offense was committed on or after April 1, 1995, the court shall impose, and the person shall serve, at least the entire term of imprisonment listed in subsection 2. The person is not, during the service of the term of imprisonment, eligible for release on post-prison supervision or any form of temporary leave from custody. The person is not eligible for any reduction in the sentence for any reason whatsoever under ORS 421.120, 421.121 or any other statute. The court may impose a greater sentence if otherwise permitted by law, but may not impose a lower sentence than the sentence specified in Section 2." Or Laws 1995, ch 2, § 1(1).[1]

Section 2 establishes minimum sentences for a number of crimes, including rape in the first degree, the only one of defendant's convictions subject to Measure 11.[2]

Before trial, defendant filed a demurrer[3] to the indictment, challenging Measure 11 on constitutional grounds. On appeal, he assigns error to the denial of the demurrer. The state argues that defendant's attack on Measure 11 cannot be raised by demurrer. We agree.

---

[1] Because defendant's conduct occurred in May 1995, we confine our analysis to the initiative in its unamended version. *See State v. Lawler,* 144 Or App 456, 458 n 3, 927 P2d 99 (1996).

[2] Measure 11 mandates a minimum sentence of 100 months for rape in the first degree. Or Laws 1995, ch 2, § 1(2)(h).

[3] The judge hearing the demurrer was not the same judge conducting defendant's trial. Defendant's initial demurrer, in which he challenged the constitutionality of Measure 11, was consolidated with that of 13 other defendants. In an order dated August 7, 1995, Judge Marcus rejected those arguments and denied the demurrer. Defendant was later allowed to join in a separate demurrer raised by several other Measure 11 defendants. In an order dated August 21, 1995, Judge Marcus rejected the additional arguments raised by those defendants.

The permissible grounds for demurrer, which are set out in ORS 135.630,[4] do not include constitutional challenges to a sentencing scheme. In *State v. Pinnell*, 319 Or 438, 877 P2d 635 (1994), the defendant demurred to an indictment for aggravated murder on the grounds that application of a "true life"[5] sentencing option violated the *ex post facto* clauses of the Oregon and United States Constitutions. The denial of the demurrer was not error, the Supreme Court held, partly[6] because "the possible application of that sentence [is not] among the * * * grounds provided in ORS 135.630 for demurrers." *Id.* at 443-44.

■  Although the state did not raise the *Pinnell* argument below, we may affirm on grounds different from those relied on by the trial court, if those grounds are supported by evidence in the record and the parties had the opportunity to develop a materially complete factual record on that issue for appellate review. *State v. Knox*, 134 Or App 154, 160-61, 894 P2d 1185 (1995). Whether a challenge to Measure 11 may be raised by demurrer presents a purely legal question and does

---

[4] ORS 135.630 provides, in part:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"(1) If the accusatory instrument is an indictment, that the grand jury by which it was found had no legal authority to inquire into the crime charged because the same is not triable within the county;

"(2) If the accusatory instrument is an indictment, that it does not substantially conform to the requirements of ORS 132.510 to 132.560, 135.713, 135.715, 135.717 to 135.737, 135.740 and 135.743;

"(3) That the accusatory instrument charges more than one offense not separately stated;

"(4) That the facts stated do not constitute an offense;

"(5) That the accusatory instrument contains matter which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the action; or

"(6) That the accusatory instrument is not definite or certain."

[5] *See* ORS 163.105(1) (providing for the sentencing option of "life imprisonment without the possibility of release or parole").

[6] The Supreme Court also reasoned that

"a demurrer to an indictment must be based on defects appearing on 'the face' of the accusatory instrument. ORS 135.360; 135.640. The possible application of a 'true life' sentence to defendant did not appear on the face of the indictment." *Pinnell*, 319 Or at 444.

not require a factual record. Accordingly, we reach the question.

Defendant demurred on two grounds—that the indictment "fails to state an offense because it is predicated upon a constitutionally defective ballot measure" and "that the ballot measure is vague and indefinite." Measure 11's purported defects have no bearing on whether the indictment states an offense. ORS 135.630(4). "An indictment fails to state facts constituting an offense when it fails to allege each of the essential elements of the offense." *State v. Wimber*, 315 Or 103, 109, 843 P2d 424 (1992). As applied to adult offenders, Measure 11 merely establishes mandatory minimum sentences for certain crimes. It does not purport to change the elements of those crimes nor otherwise affect how they are pleaded.[7] The same reasoning applies to defendant's "vague and indefinite" argument. We therefore hold, pursuant to *Pinnell*, that defendant could not properly challenge Measure 11 by demurrer.

Although the Supreme Court in *City of Portland v. Dollarhide*, 300 Or 490, 714 P2d 220 (1986), held that a mandatory minimum sentencing provision of a city prostitution ordinance could be challenged by demurrer, that case is distinguishable. In concluding that a defendant may challenge a penalty before trial, the *Dollarhide* court reasoned:

> "It is beyond dispute that no conviction can be had for the violation of a statute for which no penalty is provided. * * * A defendant charged under a criminal law for which only an allegedly invalid penalty is provided may challenge the penalty pretrial because, if the challenge is successful, the charge will be dismissed and the defendant will not be made to stand trial." 300 Or at 496 (citations omitted).

Here, however, Measure 11 does not provide the *only* penalty applicable to the crime of first degree rape. In the absence of Measure 11, defendant would be sentenced pursuant to the

---

[7] Measure 11 does not involve sentencing-enhancement factors that must be pleaded and proved beyond the elements of the crime. *Cf. State v. Wedge*, 293 Or 598, 607-08, 652 P2d 773 (1982) ("gun minimum"); *State v. Moeller*, 105 Or App 434, 438-39, 806 P2d 130 (drug "scheme or network"), *rev dismissed* 312 Or 76, 815 P2d 701 (1991). In order to subject a defendant to a Measure 11 sentence, the state need only plead and prove the elements of the offense. There is no additional factual predicate that must be alleged in the indictment.

sentencing guidelines. Therefore, a pretrial determination that Measure 11 is invalid would not require dismissal of the rape charge.

Defense counsel's remarks at sentencing could be construed as renewing his Measure 11 arguments. However, on appeal, defendant does not assign error to the imposition of a Measure 11 sentence nor to anything else the trial court did at sentencing. We cannot review a purported error that is not assigned in the appellant's opening brief. ORAP 5.45(2). Because defendant only assigns error to the denial of the demurrer, we have no way to reach the constitutional challenge to Measure 11. Accordingly, we hold that the trial court did not err in denying the demurrer.

Affirmed.