Argued and submitted November 20, 1996, reversed on appeal and remanded on appeal; affirmed on cross-appeal March 12, petition for review denied August 5, 1997 (325 Or 621)

William L. PITCHFORD,
*Respondent - Cross-Appellant,*

*v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
a corporation,
*Appellant - Cross-Respondent.*

(16-95-03865; CA A90198)

934 P2d 616

Kathryn S. Chase argued the cause for appellant - cross-respondent. With her on the briefs were William G. Wheatley, Karl B. Matthews and Jaqua & Wheatley, P.C.

J. Michael Starr argued the cause for respondent - cross-appellant. With him on the briefs was Starr & Vinson, P.C.

Anthony A. Allen filed a brief *amicus curiae* for Oregon Trial Lawyers Association.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

In this proceeding submitted to the court on stipulated facts and stipulated questions pursuant to ORCP 66, plaintiff sought underinsurance motorist (UIM) benefits from his own automobile insurer for injuries that he sustained in a motor vehicle accident. Defendant appeals from the $28,334 judgment for plaintiff, contending that the trial court erred in failing to credit against the UIM policy limits the payment that plaintiff received from the underinsured motorist coverage of his employer's automobile insurance policy, the full amount of the workers' compensation benefits that plaintiff received from his employer, and a $5,000 payment that plaintiff received from the tortfeasor. Plaintiff cross-appeals, contending that the trial court erred in deducting from defendant's UIM limits a portion of the workers' compensation benefits that plaintiff received from his employer. We reverse on the appeal and affirm on the cross-appeal.

Plaintiff was injured in a two-car accident while driving a car owned by his employer, Globe Communications Corporation (Globe). The collision was caused by the negligence of the other driver, Wick. Plaintiff's damages were in excess of $230,000. At the time of the accident, Globe had automobile insurance through Liberty Mutual Insurance Co. Wick had automobile insurance through Sentry Insurance Company, and plaintiff had his own policy with defendant State Farm Mutual Automobile Insurance Company.

After the accident, plaintiff received $25,000 from Sentry, representing Sentry's full liability policy limit. Wick also made a personal contribution of $5,000 toward a settlement with plaintiff. Plaintiff then filed an *under*insured motorist claim against Globe's policy with Liberty Mutual, which was settled for the full UIM policy limit of $25,000 ($50,000 minus Sentry's payment of $25,000). Plaintiff also received workers' compensation benefits from Aetna Insurance, Globe's workers' compensation carrier, in the amount of $113,383.64. Plaintiff then made a claim under the UIM provision of his policy with defendant, which has a limit of $100,000 per accident, seeking payment of $75,000 (the policy limit of $100,000 less Sentry's payment of $25,000).

Section III of plaintiff's policy with defendant, entitled "Uninsured Motor Vehicle," provides:

"We will pay compensatory damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.*"

*"Uninsured Motor Vehicle"* is defined in the policy as

"1.   a land motor vehicle, the ownership, maintenance or use of which is:

"* * * * *

"c.   insured or bonded for bodily injury liability at the time of the accident and whose limit of liability for bodily injury liability:

"(1)   is less than the limit of liability for uninsured motor vehicle coverage under this policy; or

"(2)   has been reduced by payments to *persons* other than an *insured* to less than the limit of liability for uninsured motor vehicle coverage under this policy[.]" (Emphasis in original.)

In the Uninsured Motorist section, under Limits of Liability, the policy provides:

"2. Any amounts payable under this [uninsured motorist] coverage shall be reduced by any amount paid or payable to or for the *insured*:

"a.   by or for any person or organization who is or may be held legally liable for the *bodily injury* to the *insured*;

"* * * * *

"c.   under workers' compensation, disability benefits or similar law." (Emphasis in original.)

Defendant takes the position that, under the policy and under Oregon Law, it is entitled to deduct from its UIM limits an amount equal to the payments that plaintiff received from Wick, Liberty Mutual and Aetna, and therefore owes plaintiff nothing in UIM benefits. Plaintiff concedes those amounts are deductible, but contends that the deductions are to be taken from plaintiff's total damages rather than from the UIM limits.

The parties submitted their controversy to the trial court for determination, pursuant to ORCP 66, on stipulated facts and with the following questions:

"Query #1: Which of the above described payments, if any, are proper deductions and/or credits in an underinsurance claim.

"Query #2: Are the above payments, which are determined to be proper deductions and/or credits in a UIM claim, deducted from plaintiff's damages or from defendant's policy limits."

The parties submitted briefs, and the court heard oral argument. With regard to the first query, the court held that, as agreed by the parties, the amount paid to plaintiff by Sentry was a proper deduction from defendant's UIM policy limits. The court ruled that the $5,000 paid to plaintiff by Wick personally was not a proper deduction. The court held that plaintiff's workers' compensation benefits were properly deducted from UIM policy limits. It determined, however, that the *amount* of the deduction for workers' compensation benefits would not be the full amount plaintiff had received from Aetna, but rather the amount of Aetna' statutory lien pursuant to the provisions of ORS 656.593. The court made no ruling on the appropriateness of the $25,000 deduction for the payment that had been made to plaintiff by Liberty Mutual.

With regard to the parties' second query, the trial court relied on our opinion in *California Casualty Indemnity Exchange v. Maritzen*, 123 Or App 166, 860 P2d 259, *rev den* 318 Or 97 (1993), and held that the deductions should be taken from the policy limits, rather than from plaintiff's total damages. The court then calculated the amount that plaintiff should receive from defendant. From the policy limits of $100,000, it deducted the $25,000 payment from Sentry and Aetna's statutory lien, which it calculated to be $46,666 of the workers' compensation award, for a judgment of $28,334.

On cross-appeal, plaintiff contends that the amounts paid to him as workers' compensation benefits and the amounts paid by other insurance companies and Wick should be deducted from his total damages, rather than from his policy's UIM limits. In *California Casualty*, we considered the

same question in the context of a claim for uninsured motorist (UM) benefits. The policy contained a UM provision that the "loss payable" under the terms of the policy was to be reduced by amounts payable under the Workers' Compensation Law. The majority of the court held that that provision was analogous to ORS 742.504(7)(c)(B), prescribing the policy provisions for UM coverage, and that both "loss payable," and "amount payable," as used in the statute, referred to policy limits, rather than to the damages compensable under the terms of the coverage. Here, the policy itself uses the statutory language "amount payable" in its limits of liability provision. We adhere to our reasoning in *California Casualty* and conclude that, in calculating UIM benefits, the deductions, if applicable, are to be taken from plaintiff's UIM policy limits.

■ In its appeal, defendant contends that the trial court erred in failing to deduct from the policy limits the full amount of plaintiff's workers' compensation benefits. The relevant statute, ORS 742.502, sets forth the general requirements for UM coverage, and also describes underinsurance:

"(1) Every motor vehicle liability policy insuring against loss suffered by any natural person * * * shall provide therein or by indorsement thereon uninsured motorist coverage * * *[.]

"(2)(A) A motor vehicle bodily injury liability policy shall have the same limits for uninsured motorist coverage as for bodily injury liability coverage unless a named insured in writing elects lower limits. The insured may not elect limits lower than the amounts prescribed to meet the requirements of ORS 806.070 for bodily injury or death. *Uninsured motorist coverage larger than the amounts required by ORS 806.070 shall include underinsurance coverage for damages or death caused by accident and arising out of the ownership, maintenance or use of a motor vehicle that is insured for an amount that is less than the insured's uninsured motorist coverage. Underinsurance benefits shall be equal to uninsured motorist coverage benefits less the amount recovered from other automobile liability insurance policies.*

"* * * * *

"(4)  *Underinsurance coverage shall be subject to ORS 742.504.*" (Emphasis supplied.)

In ORS 742.502, UIM benefits are treated almost as a sub-category of UM coverage benefits. UIM coverage is not separately defined in the statute; however, UIM *benefits* are described as being equal to UM coverage *benefits*, "less the amount recovered from other automobile liability insurance policies." Additionally, ORS 742.504, which described the policy provisions that are required for UM coverage, is expressly applicable to UIM coverage. *Vega v. Farmers Insurance Company of Oregon*, 323 Or 291, 302 n 9, 918 P2d 95 (1996). Thus, the determination of an insured's underinsurance benefits involves a two-step calculation. First, the insured's UM benefits under the policy are determined as if the negligent driver had been uninsured. That is the base amount of UIM coverage benefits; from that amount is deducted the amount recovered from other automobile liability insurance policies.

ORS 742.504 sets forth the policy requirements with respect to UM coverage, and includes provisions for "limits of liability." Subsection (7)(c) of that statute provides that UM policies must include the following:

"Any amount payable under the terms of this [UM] coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by:

"(A)  All sums paid on account of such bodily injury by or on behalf of the owner or operator of the uninsured vehicle and by or on behalf of any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the bodily injury liability coverage of the policy; and

"(B)  The amount paid and the present value of all amounts payable on account of such bodily injury under any workers' compensation law, disability benefits law or any similar law."

As noted above, because ORS 742.502(2)(a) provides that UIM benefits are to be equal to UM coverage benefits, less amounts received from other automobile insurance, ORS 742.504(7)(c) describes limits not only for UM coverage, but

for UIM coverage as well. The amounts that are to be deducted from UM/UIM limits include "all sums" paid to plaintiff by the tortfeasor, the tortfeasor's insurer, or any person jointly or severally liable together with the tortfeasor. ORS 742.504(7)(c)(A). Under ORS 742.504(7)(c)(B), "all amounts payable" as workers' compensation benefits are also deducted. Thus, the trial court should have held that the *full amount* of workers' compensation benefits paid to plaintiff by Aetna, $113,383.64, not just Aetna's statutory lien amount, is deductible from UIM policy limits. Additionally, as the parties agree, the $5,000 payment from Wick and the $25,000 payment from Liberty Mutual are deductible as well. Together, the deductions for the $25,000 payment from Sentry, the $25,000 payment from Liberty Mutual, Wick's payment of $5,000 and the workers' compensation benefits far exceed the $100,000 UIM limits of the policy. Plaintiff therefore was owed nothing by defendant.

In view of our disposition of the issues discussed, we need not address defendant's contention that the trial court went beyond the submitted controversy stated in the first query when it considered the *amount* of the workers' compensation benefits that should be deducted from policy limits.

Reversed on appeal and remanded for entry of judgment for defendant; affirmed on cross-appeal.