Argued and submitted February 25, affirmed September 9, 1998

ESTATE OF LINDA GREENSLITT
by and through the co-personal
representatives of her estate,
Robin L. Cantu and Brett A. Greenslitt,
*Appellants,*

*v.*

FARMERS INSURANCE COMPANY
OF OREGON,
an Oregon corporation,
*Respondent,*

*and*

Cletus Donald KIRSCH, Sr.
and Timothy Earl Corzine,
*Defendants.*

(9602-01046; CA A95592)

964 P2d 1129

Meagan A. Flynn argued the cause for appellants. With
her on the briefs was Pozzi Wilson Atchison, LLP.

John S. Cavanagh argued the cause for respondent. With him on the brief was Cavanagh & Zipse.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

Plaintiffs appeal a judgment denying their claim for payment of underinsured motorist (UIM) benefits. The insurance policy at issue was maintained by plaintiffs' mother, Linda Greenslitt (decedent), who was killed in a work-related automobile accident. Her death resulted in payment of workers' compensation benefits, including death benefits to two dependents (a granddaughter and a great-granddaughter). Plaintiffs, because of their adult status, were not eligible for death benefits under the workers' compensation scheme. The trial court determined that the amount of UIM benefits to be paid to the decedent's wrongful death estate, and thus to her grown children, should be offset by the full amount of workers' compensation benefits paid and payable to the granddaughter and great-granddaughter. The question on appeal is whether the trial court correctly understood ORS 742.504(7)(c)(B) to require that offset.

The parties stipulated to the relevant facts. Decedent, while acting in the course and scope of her employment, was killed on August 30, 1994, in an automobile accident caused by the negligence of two individuals, Cletus Donald Kirsch, Sr., and Timothy Earl Corzine. Decedent was survived by her husband, son, daughter, mother, granddaughter, and great-granddaughter. At the time of her death, decedent's granddaughter and great-granddaughter lived with her and were her legal dependents.

Pursuant to the payment priorities set out in ORS 656.204, workers' compensation insurance paid some of the expenses arising from the accident (*i.e.*, medical, ambulance, burial and memorial services). It also paid death benefits to decedent's husband, until his own death a few months after decedent's. Additionally, because of their status as dependents, decedent's granddaughter and great-granddaughter were eligible for death benefits. ORS 656.204(5)(a). The granddaughter received benefits for about one year, until she turned 19 years old. Decedent's great-granddaughter, who was born in 1993, qualified for benefits of $400 per month and will receive those benefits at least until she turns 19 years old. ORS 656.204(5)(a) and (8)(a) (benefits payable to

dependent until age 19 years, unless dependant attends higher education program).

The two tortfeasors each maintained a policy of automobile liability insurance with a limit of $25,000 per claim. The estate "settled" the claims against the tortfeasors for $50,000, the total available liability insurance. Under decedent's automobile insurance policy, she had UIM coverage of $100,000 per person for injuries and death caused by underinsured motorists. Thus, absent any other offsets, the insurance company would owe the estate $50,000 in UIM benefits, which is the difference between the total amount of UIM coverage ($100,000) and the amount recovered under the tortfeasor's liability policy ($50,000). ORS 742.502(2)(a). However, defendant (Farmer's Insurance Company) denied the estate's claim for UIM benefits, contending that it is entitled under ORS 742.504(7)(c)(B) to offset the workers' compensation benefits paid and payable in the future against the UIM amount otherwise due. There is no dispute that the present value of the benefits to be paid to the great-granddaughter, together with the other benefits already paid, exceed defendant's total possible UIM liability. Consequently, defendant took the position that it had no UIM liability to the wrongful death estate and denied the UIM claim.

Plaintiffs, as personal representatives of decedent's estate, brought this action, contending that the offset was improper and that defendant therefore had not satisfied its UIM obligation.[1] The trial court agreed with defendant that ORS 742.504(7)(c)(B) requires the workers' compensation benefits payable to decedent's granddaughter and great-granddaughter to be offset against any UIM benefits owed to decedent's estate. Because the amount of those benefits

---

[1] On appeal, as below, there is also an issue regarding a workers' compensation lien of $13,500 that was paid from the $50,000 tortfeasor settlement, pursuant to ORS 656.593(1). Although plaintiffs do not dispute the propriety of paying the lien from the settlement, they do argue that the recovery from the tortfeasors should be calculated as only $36,500 instead of $50,000. The UIM obligation then would be $63,500, assuming no other offsets or reductions. Plaintiffs agree that the issue is academic and need not be decided if the offset for other workers' compensation benefits is proper, because that offset exceeds the amount of available UIM benefits, no matter how the $13,500 lien is treated. Because we conclude that the offset for workers' compensation benefits was statutorily required, we do not reach plaintiffs' assignment of error regarding the lien calculation.

exceed the potential UIM obligation, the trial court granted summary judgment for defendant, determining that defendant owed nothing to plaintiffs.

The issue on appeal is whether the offset under ORS 742.504(7)(c)(B) was proper. That issue arises because, under these particular facts, benefits under the workers' compensation law flow to different beneficiaries than would UIM benefits. Under the wrongful death statute, decedent's granddaughter and great-granddaughter are not "heirs" who are entitled to recover any part of the decedent's estate. Thus, despite their status as dependents, no portion of the UIM benefits that are payable to the estate would be distributed to them.[2] *See generally Liberty Northwest Ins. Corp. v. Golden*, 116 Or App 64, 67, 840 P2d 1362 (1992) ("[B]eneficiaries of a wrongful death action, ORS 30.020, are not the same as beneficiaries under the Workers' Compensation Act."). Plaintiffs argue that the offset should not apply where, as here, workers' compensation benefits were payable to persons other than those who are entitled to receive the UIM benefits. Essentially, plaintiffs claim that the legislature intended to limit offsets only so as to prevent a "double recovery" by the same party. Because decedent's granddaughter and great-granddaughter are not entitled to the UIM benefits, there would be no double recovery in this case. Defendant responds that the language of the statute requires the offset in all cases, without distinguishing circumstances in which the beneficiaries of the workers' compensation insurance and the beneficiaries of the wrongful death estate are not the same.

The starting point for construing the statute is, of course, its text. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). ORS 742.504(7)(c)(B) states:

"(c) Any amount payable under the terms of this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by:

---

[2] Although by its terms ORS 742.504 relates only to "uninsured" motorist coverage, it extends equally to "underinsured" motorist coverage by virtue of the cross-reference contained in ORS 742.502(4).

"* * * * *

"(B) The amount paid and the present value of all amounts payable on account of such bodily injury under any workers' compensation law, disability benefits law or any similar law."[3]

The express language provides, without limit or exception, that UIM benefits for a particular bodily injury are to be reduced by the amount paid and the present value of "all amounts payable" on account of that same bodily injury under any workers' compensation, disability, or similar law.[4] The words of the statute are straightforward and clear. By referring to "all amounts payable" without qualification or exception, we must assume that the statute means "all" amounts payable, nothing more and nothing less. There is no wiggle room for differing interpretations, nor ambiguity that creates uncertainty.

Nevertheless, plaintiffs suggest that when the language above is read in the context of other provisions relating to UIM benefits, a contrary understanding of the statute emerges. Specifically, plaintiffs point to ORS 742.502(2)(a), which provides that underinsurance benefits shall be equal to uninsured motorist coverage benefits "less the amount recovered from other automobile liability insurance policies." Plaintiffs place particular emphasis on the term "recovered." Their argument appears to be that because the statute refers to amounts "recovered" from the tortfeasor's liability insurer, the statute reflects a policy of reducing the UIM benefit based only on the amount that actually ends up in the hands of the UIM beneficiary; thus, an offset based on amounts paid or payable to persons other than the UIM beneficiary was not the legislature's intent.

ORS 742.502 simply will not bear the weight of plaintiffs' argument. That statute does one thing, and one thing only: it explains how to calculate the offset for liability

---

[3] Virtually the same language appears in decedent's insurance policy.

[4] The fact that the statute refers not just to Oregon's Workers' Compensation Act, but to *any* disability, workers' compensation, or similar law, bolsters the analysis. The legislature could not have expected parity between who qualify as beneficiaries under the laws of other jurisdictions and who qualify as beneficiaries under Oregon's wrongful death statute.

payments from the tortfeasor's insurer. In doing so, it provides a baseline formula: UIM benefits equal the amount of coverage for uninsured motorists (here, $100,000), less the amount of any liability recovery from other insurers (here, $50,000[5]). Whether other amounts should be offset from the amount of UIM coverage is determined by other statutes, reflecting other legislative policy choices. The provision for an offset for *all* workers' compensation benefits paid and payable on account of the injury is one such policy (ORS 742.504(7)(c)(B)), as is the provision for a lien for other expenses incurred by the workers' compensation insurer (ORS 656.593(1)). In short, given that the statutes address different offsets, ORS 742.502 is not context that requires us, or even permits us, to refuse to give effect to the plain language of ORS 742.504.[6]

Plaintiffs also emphasize the inherent unfairness of the offset being applied to reduce UIM coverage for estate beneficiaries who did not receive workers' compensation benefits. They point to the fact that the offset defeats the overall goal of UIM coverage, which is to place the injured party in the same position as if the tortfeasor had full liability insurance. An insured made a similar argument in *California Casualty Indemnity Exchange v. Maritzen*, 123 Or App 166, 172, 860 P2d 259 (1993), urging that workers' compensation benefits should never be offset against UIM coverage, even where the beneficiaries are the same, because the offset defeats the goal of UIM coverage. The express and unequivocal terms of ORS 742.504(7)(c) precluded us from declining to make the offset, however. *Id.* The same is true here. Plaintiffs' policy arguments properly must be directed to the legislature.[7]

---

[5] Again, we note that because the $13,500 workers' compensation lien was paid from the $50,000 settlement from the tortfeasors insurers, plaintiffs dispute whether the amount "recovered" should be deemed $36,500 or $50,000. For purposes of the illustration, we use the full amount paid by the tortfeasors' insurers.

[6] We reject, without elaboration, plaintiffs' further argument that survivor benefits paid to decedent's dependents somehow are not for the same bodily injury as the UIM benefits payable to the estate, and thus should not be deemed to be payments for "such bodily injury" with the meaning of ORS 742.504(7)(c)(B). The linguistic acrobatics required to read the statute in that way defy common sense and *PGE* alike.

[7] Plaintiffs also raise a constitutional challenge to the offset under the Article I, section 10, Remedy Clause. Their brief does not demonstrate that the argument

Finally, plaintiffs urge us to overrule *Maritzen*, which holds that an offset from uninsured motorist benefits is taken against the policy limits rather than against the total damages payable by a tortfeasor. We decline to reexamine our holding in that case.

Affirmed.

---

was raised below, nor does our review of the record reveal that the issue was preserved. We decline to consider the issue. ORAP 5.45(2).