Argued and submitted April 16, reversed and remanded September 29, 1999, respondent's petition for reconsideration filed October 12 allowed by opinion March 8, 2000
See 166 Or App 145 (2000)

Thomas WILLIAMS,
*Respondent,*

*v.*

AMERICAN STATES INSURANCE COMPANY,
*Appellant.*

(9712-10069; CA A102719)

986 P2d 1260

Brian J. Scott argued the cause for appellant. With him on the opening brief was Law Offices of Thomas Kranovich.

Steven Kahn argued the cause for respondent. With him on the brief was Kahn & Kahn, P.C.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Defendant argues that the trial court should have deducted a workers' compensation settlement plaintiff received as a result of an automobile accident from the damages the trial court awarded him for the same accident. We agree and reverse.

Plaintiff was injured in an automobile accident. The other driver was at fault but had no insurance. As a result of the accident, plaintiff filed two claims. One was a workers' compensation claim. Although SAIF initially denied the claim, SAIF and plaintiff later entered into a disputed claim settlement pursuant to ORS 656.289(4). Plaintiff received a total of $8,600 from SAIF. The settlement agreement stated that a percentage of those proceeds would be paid to plaintiff's attorney as his fee.

Plaintiff also brought a claim against defendant on uninsured motorist coverage defendant had issued. Defendant's policy contained a $25,000 limit on liability for uninsured motorist coverage. Plaintiff's claim against defendant was submitted to arbitration, which resulted in an arbitration award to plaintiff of $14,375.[1] Although defendant argued that the $8,600 workers' compensation settlement should be deducted from the $14,375 in damages the arbitrators awarded plaintiff, the arbitrators expressly declined to decide that issue. When plaintiff filed the arbitration award with the trial court, defendant raised the same issue before the trial court. The trial court disagreed and entered judgment for plaintiff for the full amount of the award.

■　　　On appeal, defendant argues that the workers' compensation settlement should be deducted from the $14,375 in damages the arbitrators awarded plaintiff, while plaintiff argues that the settlement should be deducted from the $25,000 policy limit on liability.[2] Defendant argues that the

---

[1] So far as the record shows, the arbitrators determined that $14,375 was the total amount of plaintiff's damages arising from the accident, less personal injury protection benefits that plaintiff had already received.

[2] If the settlement were deducted from the limit of liability, then plaintiff would be entitled to all the damages the arbitrators awarded because the

text of ORS 742.504(7)(c)(B) supports its position, while plaintiff responds that our decisions interpreting that statute support his position. In analyzing the parties' claims, we consider the terms of the insurance policy before reaching the statutory issue they raise. *See Vega v. Farmers Ins. Co.*, 323 Or 291, 297-98, 918 P2d 95 (1996); ORS 742.038(2). We follow that methodology because an insurer may provide more favorable uninsured motorist coverage than ORS 742.504 requires, but it may not provide less favorable coverage. *Vega*, 323 Or at 301-02.

In its policy, defendant agreed to pay all sums that the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle up to the $25,000 limit of insurance stated in the policy. The policy provides, however, that the "limit of insurance" shall be reduced by "[a]ll sums paid or payable under any workers' compensation, disability benefits or similar law[.]" It also provides that "[i]n no event will an 'insured' be entitled to receive duplicate payment for the same element of loss."

The provision in the policy that the limit of insurance will be reduced by payments under any workers' compensation law is consistent with plaintiff's position. The second provision, however, is not. It provides that "[i]n no event" will the insured be entitled to receive "duplicate payment for the same element of loss." The phrase "[i]n no event" makes clear that the prohibition against double recovery requires that the workers' compensation settlement be deducted from the $14,375 in damages the arbitrators awarded plaintiff, at least to the extent it represents a duplicate payment for the same element of loss.

On the last point, defendant, as the proponent of the offset, had the burden of proving that if no deduction were made, plaintiff would receive duplicate payment for the same element of loss. Defendant made out a *prima facie* case when it submitted the disputed claim settlement to the trial court to show that plaintiff had received $8,600 in compensation

settlement and the damages add up to less than the $25,000 policy limit. If the settlement were deducted from the damages award, then plaintiff would be entitled to $5,775.

for the same injuries for which the arbitrators had awarded plaintiff compensation. At trial, plaintiff raised primarily one argument in response.[3] He argued that because the settlement provided that a percentage of the proceeds would be paid to his attorney, that portion of the settlement does not reflect compensation for his injuries and should not be deducted from the arbitrator's award. The disputed claim settlement, however, states that the attorney fees will come out of the award of compensation; they are not in addition to it. Nothing in the terms of the settlement suggests that the fees, which were based on a percentage of the proceeds awarded plaintiff, differ in any respect from a traditional contingency fee. The fact that the fees were deducted from the settlement does not mean that the entire amount of the settlement was not intended to compensate plaintiff for his injuries. There is no reason supported by the record why the entire amount of the workers' compensation settlement does not reflect compensation for the same elements of loss covered by the arbitrators' award.[4]

■   We accordingly conclude that the terms of defendant's policy require that the workers' compensation settlement be deducted from the total damages awarded when the total damages are less than the limit of liability. The remaining issue is whether the policy provides less coverage than the statute requires. ORS 742.504 establishes the minimum terms for uninsured motorist coverage. Subsection (7)(c)(B) authorizes an insurer to reduce "[a]ny amount payable under the terms of [uninsured motorist] coverage because of bodily injury sustained in an accident" by "[t]he amount paid and the present value of all amounts payable on account of such

[3] Plaintiff also argued that because the employer denied his claim, the settlement could not represent compensation for his injuries. The settlement, however, reflects the parties' compromise of the likelihood that plaintiff would be compensated for his injuries. The employer's denial does not suggest that the settlement does not represent compensation for plaintiff's injuries.

[4] Plaintiff also raises a new issue on appeal. He argues that the settlement could have included compensation for some elements of loss different from those covered by the arbitrators' award. Plaintiff, however, did not make that argument below, nor did he submit any evidence to the trial court from which that determination could be made. Even though plaintiff won below, there is no basis for saying that the arbitrators' award does not compensate him for the same damages that the workers' compensation settlement did. In these circumstances, we cannot say that the trial court was right (or at least partially right) for the wrong reason.

bodily injury under any workers' compensation law, disability benefits law or any similar law."

The statutory text unambiguously authorizes insurers to deduct the amount paid "under any workers' compensation law" from the "amount payable" under uninsured motorist coverage, not from the limit on liability. *See Estate of Linda Greenslitt v. Farmers Ins. Co.*, 156 Or App 75, 80, 964 P2d 1129 (1998). Plaintiff, however, argues that in *California Casualty Indemnity Exchange v. Maritzen*, 123 Or App 166, 860 P2d 259, *rev den* 318 Or 97 (1993), we held that, under ORS 742.504(7)(c)(B), the settlement should be deducted from the limit of liability rather than the total damages the plaintiff in that case received. Plaintiff divorces our reasoning in *Maritzen* from the context in which it arose.

The primary focus in *Maritzen* was whether the statement in the policy that the "loss payable" should be reduced by the amount of workers' compensation benefits referred to the total damages the plaintiff sustained or the "amount that is payable *up to* the policy limits under the terms of the policy." 123 Or App at 170 (emphasis added). Because the total damages that the plaintiff sustained in *Maritzen* far exceeded the limit of liability, there was no practical difference between the "limit of liability" and the "amount that is payable up to the policy limits." On the facts of that case, both concepts accurately described the "loss payable" from which the workers' compensation benefits should be deducted.

In agreeing with the insurer in *Maritzen* that the policy term "loss payable" means the "amount that is payable up to the policy limits under the terms of the policy," we did not hold that if the loss payable (or the "amount payable" in statutory terms) was less than the limit of liability, any workers' compensation benefits should be deducted from the limit of liability rather than the amount the insurer was obligated to pay. That holding would have been contrary to both the terms of the policy in *Maritzen* and the statutory text.[5]

---

[5] We followed *Maritzen* in *Pitchford v. State Farm Mutual Auto Ins. Co.*, 147 Or App 9, 14, 934 P2d 616, *rev den* 325 Or 621 (1997). Because the total damages in *Pitchford* far exceeded the limits of liability of the uninsured motorist coverage, *see*

Because the total damages plaintiff sustained in this case were less than the limit of liability, the $8,600 workers' compensation settlement plaintiff received should have been deducted from $14,375 in damages the arbitrators awarded him.

Reversed and remanded.

---

147 Or App at 11, we had no occasion to consider how the reasoning in *Maritzen* would apply to the issue presented by this case.