Argued and submitted August 27, 1999, reversed and remanded for new trial
February 23, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## ANGELINA MARIE MADDOX,
*Appellant.*

(CR9700544; CA A99701)

997 P2d 276

Walter J. Ledesma, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals her convictions for intimidation, harassment, and disorderly conduct. She argues that the trial court erred in denying her right to waive jury trial. We agree and reverse and remand for a new trial.

Defendant was charged, and the matter was set for trial. Before trial, the state requested a jury trial. Defendant orally objected and asserted the right under Article I, section 11, of the Oregon Constitution, to waive a jury trial. The state replied that the constitution had been amended by the enactment of Ballot Measure 40, which, among other things, provided that the state had the right to insist on a jury trial. The state further asserted the right to demand a jury trial under ORS 136.001 (1997), which granted the state the right to demand a jury trial. The state did not object to the fact that defendant had failed to assert in writing her right to waive a jury trial. The trial court allowed the state's request for a jury trial. The court made it clear that it was "deciding this squarely on Ballot Measure 40" and not on some other ground.

Defendant appealed, assigning error to the trial court's refusal to permit her to waive a jury trial, as provided in Article I, section 11. While the appeal was pending, the Supreme Court held that Ballot Measure 40 was invalid on its face in its entirety, having been enacted in violation of the single-amendment requirement expressed in Article XVII, section 1, of the Oregon Constitution. *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998). The court also held that the portion of ORS 136.001 (1997) granting the state the right to demand a jury trial infringed on a defendant's right to waive a jury, as provided in Article I, section 11. *State v. Baker*, 328 Or 355, 976 P2d 1132 (1999).

The state acknowledges the court's holdings in both *Armatta* and *Baker*, but it insists that defendant in this case is entitled to no relief for three reasons, none of which we find persuasive. First, the state argues that defendant's rights under Article I, section 11, are triggered only by a *written* request for a trial to the court, and, in this case, there is no evidence that defendant submitted such a written request. In

other words, although the trial court may have been incorrect in deciding the matter on the basis of Ballot Measure 40, its decision may be affirmed on an alternative ground. As we explained in *State v. Knox*, 134 Or App 154, 160-61, 894 P2d 1185 (1995), *vac'd on other grounds* 327 Or 97, 957 P2d 1209 (1998):

> "We generally may affirm a ruling of the trial court on grounds different from those on which it relied, provided that there is evidence in the record to support the alternate ground. *We may not do so if the parties were not allowed to develop the factual record at trial to address the issue raised for the first time on appeal.*"

(Citations omitted; emphasis added.) *See also State v. Ysasaga*, 146 Or App 74, 78, 932 P2d 1182 (1997). In this case, the state said nothing at trial about the lack of a written request for a court trial. Had it done so, defendant easily could have remedied the problem. The state cannot therefore rely on the position that defendant's motion was defective for a reason not identified at trial.

Second, the state argues that, even if it was error to deny defendant the right to a court trial on the basis of Ballot Measure 40 and ORS 136.001 (1997), the trial court had the discretion to deny defendant's request outright. The Supreme Court recently has construed Article I, section 11, to provide the court with discretion to deny a defendant's request for a court trial. *Baker*, 328 Or at 364. The fact remains, however, that that was not the basis of the state's argument below nor was it the basis of the trial court's decision. The trial court held that it lacked authority even to entertain defendant's request, because of the state's paramount right to insist on a jury trial. Thus, the trial court never exercised its discretion under Article I, section 11.

■■ Third, the state argues that, even if the trial court erred in denying defendant's request for a court trial, defendant has not shown that she is entitled to a new trial because she has failed to show any prejudice resulting from the trial before a jury. It is well established, however, that an involuntary waiver of a constitutional right is inherently prejudicial. In *Stelts v. State of Oregon*, 299 Or 252, 701 P2d 1047 (1985), for example, the Supreme Court held that one who

pleads guilty without knowledge of the constitutional right of confrontation does not have to establish prejudice that resulted from the deprivation of his constitutional right. *Id.* at 261. The denial of the constitutional right in those circumstances "causes prejudice to inhere." *Id.* If the involuntary waiver of a constitutional right is inherently prejudicial, *a fortiori*, then the compelled waiver of the constitutional right to request a court trial must also be inherently prejudicial.

Reversed and remanded for new trial.