On respondent's petition for reconsideration filed October 12, 1999, petition for reconsideration allowed; opinion (163 Or App 179, 986 P2d 1260 (1999)) adhered to March 8, 2000

# Thomas WILLIAMS,
*Respondent,*

*v.*

# AMERICAN STATES INSURANCE COMPANY,
*Appellant.*

## (9712-10069; CA A102719)

997 P2d 892

Steven A. Kahn for the petition.

Brian J. Scott, *contra.*

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

### KISTLER, J.

Plaintiff has petitioned for reconsideration of our previous decision, in which we held that the trial court should have deducted $8,600, the full amount of his workers' compensation settlement, from the $14,375 arbitration award on his claim under the uninsured motorist coverage of defendant's policy. We accordingly reversed the trial court's judgment and remanded for entry of an amended judgment. *Williams v. American States Ins. Co.*, 163 Or App 179, 986 P2d 1260 (1999). We allow the petition but adhere to our decision for the reasons set forth below.

The primary issue litigated both at trial and on appeal was whether, under ORS 742.504(7)(c)(B) or the terms of defendant's insurance policy, the workers' compensation settlement should be deducted from the limits of the uninsured motorist policy or from an arbitrators' award that was less than the policy limits. We held that the proper deduction was from the arbitrators' award. In a footnote, we observed that plaintiff had raised an issue on appeal that he had not raised to the trial court—that the settlement may have included compensation for some elements of loss that were different from those that the award covered.[1] Because defendant's policy prohibits double recoveries only for the same element of loss, the result, if plaintiff were correct, would be to limit the deduction under the policy. In rejecting plaintiff's argument, we explained:

> "Even though plaintiff won below, there is no basis for saying that the arbitrators' award does not compensate him for the same damages that the workers' compensation settlement did. In these circumstances, we cannot say that the

---

[1] The argument plaintiff advanced in his brief on that point is limited to the following passage:

"Plaintiff relinquished his statutory entitlement to medical care and treatment benefits for the rest of his life for any condition caused by the collision. He relinquished his statutory entitlement to total and partial disability payments, to vocational rehabilitation benefits, to an award of permanent partial disability and to any other benefits to which he was entitled under the worker[s'] compensation statutes."

Although plaintiff speculated about what the settlement might have included, he advanced no reason in his brief why the losses covered by the settlement differed from those covered by the arbitrators' award.

trial court was right (or at least partially right) for the wrong reason."

163 Or App at 183 n 4.

■ Plaintiff raises two separate but related arguments in his petition for reconsideration. He argues initially that he in fact raised this issue below, but he bases his argument on letters that are not part of the record. Plaintiff's initial argument is misplaced for two reasons. First, not only are the letters not part of the record, but they do not present the issue that he raises in his petition for reconsideration. Second, plaintiff's argument on reconsideration misses the mark. The problem with plaintiff's previous argument was not so much that he raised it for the first time on appeal; he won below and thus may be entitled to raise new reasons on appeal in support of the trial court's ruling. *See State v. Maddox*, 165 Or App 573, 997 P2d 276 (2000); *State v. Ysasaga*, 146 Or App 74, 78, 932 P2d 1182 (1997).[2] Rather, the problem with plaintiff's argument was that he advanced no basis in his brief, and we were aware of none, for saying that the arbitrators' award and the workers' compensation settlement did not constitute duplicate payments for the same elements of loss within the meaning of the policy.

■ The second argument that plaintiff raises in his petition for reconsideration is closer to the mark. He explains, for the first time in his petition for reconsideration, why, in his view, the record shows that at least some of the losses included in the workers' compensation settlement do not duplicate the losses included in the arbitrators' award. Defendant takes a different position. Regardless of whether plaintiff or defendant has the better of the argument at this point, we conclude that plaintiff's contentions come too late. *See Kinross Copper Corp. v. State of Oregon*, 163 Or App 357, 360, 988 P2d 400 (1999). As we explained in *Kinross*, "[i]f a

---

[2] We explained in *Maddox*:

" 'We generally may affirm a ruling of the trial court on grounds different from those on which it relied, provided that there is evidence in the record to support the alternate ground. We may not do so if the parties were not allowed to develop the factual record at trial to address the issue raised for the first time on appeal.' "

165 Or App at 576 (quoting *Ysasaga*, 146 Or App at 78) (emphasis omitted).

contention was not raised in the brief, * * * it is not appropriate to assert it on reconsideration." *Id*. The contentions that plaintiff has raised in his petition for reconsideration go far beyond anything that he raised in his brief.

■　　　Another consideration supports our conclusion. Although we may affirm the trial court's ruling on a ground that was not raised below, " '[w]e may not do so if the parties were not allowed to develop the factual record at trial to address the issue raised for the first time on appeal.' " *Maddox*, 165 Or App at 576 (quoting *Ysasaga*, 146 Or App at 78) (emphasis omitted). In this case, the record is partially developed. However, because plaintiff did not raise the contentions below that he now pursues in his petition for reconsideration, defendant did not have an opportunity to develop a complete record on this issue. Even if we attempted to reach the issue and could resolve pieces of it, we have no basis for knowing what the case would look like if defendant had been put on notice of the contentions that plaintiff has raised for the first time on reconsideration. In these circumstances, we adhere to our opinion.

　　　Petition for reconsideration allowed; opinion adhered to.