Argued and submitted February 9, reversed and remanded August 1, 2001

Karen DINSMORE,
*Petitioner,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES BRANCH (DMV),
*Respondent.*

81427; A109749

28 P3d 1268

Robert J. McCrea argued the cause and filed the brief for petitioner.

David F. Coursen, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Petitioner seeks judicial review of the Department of Transportation's order suspending her driver's license because of reckless driving. Petitioner argues that the department's findings are not supported by substantial evidence. We agree with petitioner and reverse and remand.

On June 25, 1999, while driving on Highway 20 near Burns, petitioner was involved in an automobile accident in which one person was killed and another seriously injured. State Trooper Johnson, who arrived at the scene shortly after the accident, cited petitioner for driving under the influence of intoxicants and reckless driving. Before citing petitioner, Johnson interviewed several witnesses, including petitioner and two drivers who saw the accident but were not involved in it. Johnson's police report states that petitioner's pickup truck rear-ended one vehicle, which then collided with a second vehicle in front of it, while both were waiting for oncoming traffic to pass in order to turn left. Johnson noted that petitioner admitted to having one beer and explained that she simply failed to see the two vehicles in front of her. The report mentions that, according to one of the witnesses who saw the accident, petitioner was driving "really fast."

Trooper Skinner, an accident reconstructionist for the Oregon State Police, also prepared a police report that, among other things, detailed the conditions of the road and estimated the amount of time petitioner had to react to the cars stopped in front of her. Based on Skinner's and Johnson's reports, the department sent petitioner a notice that it was suspending her driving privileges effective October 4, 1999. It imposed the suspension immediately because it determined that petitioner posed a danger to others on the road. Petitioner requested and was granted a hearing, but her license remained suspended pending the department's determinations at the hearing.

The hearing was held on January 29, 2000. Although the department subpoenaed both troopers to testify at the hearing, neither appeared. Nonetheless, the department offered both reports as evidence. Petitioner objected,

arguing that the reports contained hearsay and that admitting them without allowing petitioner an opportunity to cross-examine the troopers would violate due process. The department overruled the objection and received the reports, reasoning that "hearsay is admissible in an administrative hearing * * *. The fact that the reports are hearsay goes to their weight and not their admissibility."

The department issued a final order on February 18, 2000, which included findings of fact that were based, in substantial part, on the troopers' reports. Based on those findings, the department upheld its decision to suspend petitioner's license, concluding that, at the time of the accident, petitioner was "operating her vehicle either recklessly or with criminal negligence."

Petitioner seeks judicial review of that order, assigning error to the department's decision to admit the police reports into evidence and also to the conclusion that the department's suspension of petitioner's license was valid. As to the first assignment of error, petitioner argues that "the admission of the hearsay reports violates notions of 'fundamental fairness' " because she was denied an opportunity to cross-examine the officers who prepared them. As to the second, petitioner argues that, because the reports formed the entire basis for the department's order, that order was not supported by substantial evidence.

In response, the department first argues that issue preclusion bars petitioner from "continuing to litigate the issue of whether her driving was criminally negligent." Apparently, after the January 29, 2000, hearing, petitioner pled no contest to criminally negligent homicide and was convicted on that charge. The department argues that, because the issues in the two proceedings are identical and were fully litigated, petitioner's conviction has preclusive effect on her attempt to seek judicial review. Alternatively, the department argues that it correctly admitted the police reports into evidence and that its conclusions are supported by substantial evidence.

■ We disagree with the department's first contention — that petitioner's subsequent conviction should preclude her

from continuing to assert that she was not criminally negligent. It may be that petitioner's conviction could provide a basis for issue preclusion. However, in order to rely on the doctrine of issue preclusion, the department first had to introduce the judgment into evidence and provide petitioner with an opportunity to show that issue preclusion does not apply. *See Schuler v. Distribution Trucking Co.*, 164 Or App 615, 624-25, 994 P2d 167 (1999), *rev den* 330 Or 375 (2000) (explaining when issue preclusion does not apply); *cf. State v. Maddox*, 165 Or App 573, 576, 997 P2d 276, *rev den* 331 Or 244 (2000) (a court may not affirm a lower tribunal's ruling on grounds different from those on which it relied "if the parties were not allowed to develop the factual record at trial to address the issue raised for the first time on appeal"). The department did not do so, and, having failed to comply with the prerequisites for claiming issue preclusion, it may not rely on that doctrine here.

**2.** We turn to the merits of petitioner's argument. We will not disturb an agency's order unless it is based on an erroneous legal conclusion or its factual findings are not supported by substantial evidence. ORS 183.482(8). Although hearsay evidence is not categorically incapable of constituting substantial evidence in a contested administrative hearing, it may fail to amount to substantial evidence, depending on the particular facts of a case. *Reguero v. Teacher Standards and Practices*, 312 Or 402, 417-21, 822 P2d 1171 (1991). In *Reguero*, the Teacher Standards and Practices Commission refused to reinstate the petitioner's teaching license for inappropriate sexual conduct with two students. *Id*. at 404-14. Neither student testified at the hearing, but the commission admitted testimony regarding the students' out-of-court statements. *Id*. at 411-14. On review, the court did not hold that the commission erred in admitting the hearsay evidence; rather, its inquiry focused on the question of when findings that rest on hearsay will be supported by substantial evidence. *Id*. at 417. The court considered five factors that bear on that inquiry:

"[T]he alternative to relying on hearsay evidence; the importance of the facts sought to be proved by the hearsay statements to the outcome of the proceeding and considerations of economy; the state of the supporting or opposing

evidence, if any; the degree of lack of efficacy of cross-examination with respect to the particular hearsay statements; and the consequences of the decision either way."

*Id.* at 418. After reviewing the facts, the court held that the commission's findings were not supported by substantial evidence. *Id.* at 422. In particular, it emphasized that, because the hearsay evidence constituted the entire support for the commission's findings, the importance of allowing the petitioner the opportunity to cross-examine the available declarants was "undeniable." *Id.* at 421.

We recently examined the court's opinion in *Reguero* in a context similar to this one. *Cole v. DMV*, 172 Or App 132, 17 P3d 573 (2001). In *Cole*, the police officer who stopped the petitioner prepared a report, which was offered into evidence at a contested case hearing. *Id.* at 134-35. The petitioner objected on the ground that the officer was not present to testify and, thus, was unavailable for cross-examination. *Id.* at 135. The department overruled the objection and admitted the report. *Id.* In affirming the suspension of the petitioner's licenses, the department relied solely on the report to determine that the initial stop was valid. *Id.*

On review, we applied the five factors used in *Reguero* and concluded that the department's findings were not supported by substantial evidence. *Id.* at 138-41. As in *Reguero*, the unsworn hearsay was an integral part of the department's case against the petitioner, and, as such, it was important to accord the petitioner the opportunity to cross-examine the declarant. *Id.*

■ We see no meaningful distinction between this case and *Cole*. As in *Cole*, the department does not dispute that the report constitutes hearsay. Moreover, petitioner has been denied the opportunity to cross-examine the source of those statements, which formed an important, and perhaps the sole, basis for the department's findings of fact. Following *Cole*, we conclude that the department's conclusions are not supported by substantial evidence. We accordingly reverse and remand the case to the department for further consideration.

Reversed and remanded.