Argued and submitted November 10, 1998, petition for writ of mandamus denied
April 1, 1999

## STATE OF OREGON,
*Plaintiff-Relator,*

*v.*

## TONI JEAN BAKER,
*Defendant-Adverse Party.*

## (CC CR980-1016; SC S45664)

976 P2d 1132

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for plaintiff-relator. With him on the

briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for defendant-adverse party. With him on the brief were David E. Groom, State Public Defender, Jesse Wm. Barton and Robin A. Jones, Deputy Public Defenders.

GILLETTE, J.

**GILLETTE, J.**

This original mandamus proceeding[1] presents the question whether ORS 136.001(1), which purports to grant to the state the right in criminal prosecutions to insist on a jury trial, even if the defendant chooses to waive such a trial, is constitutional. We hold that the statute violates Article I, section 11, of the Oregon Constitution.

This proceeding arises out of a criminal case in which defendant-adverse party Toni Jean Baker (defendant) is charged by a five-count Clackamas County indictment with the felony offenses of attempted aggravated murder, kidnapping in the first degree, criminal conspiracy to commit murder, attempted murder, and assault in the first degree. The indictment alleges that defendant and a codefendant, Reagan,[2] committed the offenses "on or about the 2nd day of May, 1998." Before trial, defendant executed a "waiver of trial by jury," which the trial judge accepted. The state then demanded a jury trial, notwithstanding defendant's waiver, pursuant to ORS 136.001(1).[3] Defendant objected, arguing,

---

[1] This court has original mandamus jurisdiction under Article VII (Amended), section 2, of the Oregon Constitution, and ORS 34.120. Article VII, section 2, states:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the supreme court may, in its own discretion, take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings."

ORS 34.120 states:

"The circuit court or judge thereof of the county wherein the defendant, if a public officer or body, exercises functions, or if a private person or corporation, wherein such person resides or may be found, or such private corporation might be sued in an action, shall have exclusive jurisdiction of mandamus proceedings, except that the Oregon Tax Court or judge thereof shall have jurisdiction in mandamus proceedings in all cases involving tax laws as defined in ORS 305.410, and except that the Supreme Court may take original jurisdiction in mandamus proceedings as provided in section 2 of amended Article VII of the Oregon Constitution."

[2] Reagan is not a party to these proceedings.

[3] ORS 136.001 provides:

"(1) The defendant *and the state* in all criminal prosecutions have the right to public trial by an impartial jury.

"(2) *Both* the defendant *and the state* may elect to waive trial by jury and consent to *a trial* by the judge of the court alone, provided that the election *of the defendant* is in writing and with the consent of the trial judge."

(Emphasized wording added by Or Laws 1997, ch 313, § 21.)

*inter alia,* that the 1997 amendments to ORS 136.001 that had added to the statute the state's right to insist on a jury trial were unconstitutional. The trial court agreed with defendant and ruled that the case would be tried without a jury. The state then brought the present mandamus proceeding. This court chose not to issue an alternative writ but, instead, chose to order the matter set for argument on the merits of the state's petition.[4] For the reasons expressed below, we conclude that the trial judge correctly decided that the state was not entitled to insist on a jury trial. Accordingly, we decline to issue a peremptory writ.

Before 1997, ORS 136.001 granted the right to waive a jury trial in a criminal proceeding only to the defendant. As noted, ORS 136.001 was amended by Oregon Laws 1997, chapter 313, section 21. That section was part of an omnibus bill, Senate Bill 936, that made numerous changes in Oregon's criminal procedure statutes. The bill was intended to codify certain of the constitutional policy choices embodied in Ballot Measure 40, adopted by the people at the 1996 general election and placed in the Oregon Constitution as Article I, section 42. *See generally State v. Fugate,* 154 Or App 643, 649-51, 963 P2d 686, *modified* 156 Or App 609, 969 P2d 395 (1998), *rev allowed* 328 Or 275 (1999) (outlining history and purpose of SB 936).

In *Armatta v. Kitzhaber,* 327 Or 250, 283-84, 959 P2d 49 (1998), this court declared that Ballot Measure 40 was invalid, because it was enacted in violation of the requirement in Article XVII, section 1, of the Oregon Constitution, that, when "two or more amendments" to that constitution are submitted to the people at the same election, the amendments "be so submitted that each * * * shall be voted on separately."

■ Criminal procedure is a subject over which the legislature generally has plenary authority, subject to constitutional restrictions. The question in this case is: Does any constitutional provision of either the Oregon or United States Constitution prohibit the legislature from extending to the

---

[4] Trial in the case was stayed, pending this court's disposition of the present mandamus proceeding.

state the right, heretofore enjoyed only by the defendant, to insist on a trial by jury in a criminal case?

Defendant argues that ORS 136.001 as presently worded violates her right to waive a jury trial under Article I, section 11, of the Oregon Constitution. That section provides, in part:

> "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; * * * *provided, however, that any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing* * * *."

(Emphasis added.)

■       In analyzing the meaning of a provision of the Oregon Constitution, this court looks to the specific wording of the provision, to the case law surrounding it, and to the historical circumstances that led to its enactment. *Priest v. Pierce*, 314 Or 411, 415-16, 840 P2d 65 (1992).

■       Parsing the section at issue here is not difficult. A defendant in a noncapital criminal case is granted an absolute right to a jury trial; that right may be waived by the defendant, and the defendant instead may choose to be tried by the court, subject to two specific conditions: (1) the defendant's election to waive the right to trial by jury must be in writing; and (2) the trial judge must consent to the waiver. The state argues, however, that:

> "[The fact t]hat [Article I,] section 11[,] may grant a defendant a right to jury [trial] that she may elect to *waive* does not necessarily preclude the legislature from granting a similar right to the other party; granting the state the right to demand a jury trial is not inconsistent with permitting a defendant to waive her own right to a jury trial."

(Emphasis in original.)

We disagree. That argument ignores the wording of the provision. Article I, section 11, is a completed thought with respect to the concept of criminal trials: It establishes both that it is the criminal defendant who is entitled to insist

on a jury or to waive that right and sets out the specific circumstances in which that choice may be restrained. Specifically, the provision grants to only one person the power to defeat a defendant's choice to be tried by the court sitting without a jury—the trial judge. The power to withhold consent is not granted to any other person or institution.

ORS 136.001(1) adds a subconstitutional, but nonetheless absolute, limitation on the defendant's choice, *viz.*, the willingness of the prosecution to accept trial by the court. Granting the state the right to demand a jury trial, when the defendant desires otherwise and the trial judge accepts the defendant's choice, is inconsistent with Article I, section 11. It follows that, unless some other source of law counteracts the plain wording of Article I, section 11, the statute as amended violates the constitution. *See Priest*, 314 Or at 416-19 (using same approach, where examination of wording of provision at issue made particular construction likely).

We turn first to the case law. The state relies on *Singer v. United States*, 380 US 24, 85 S Ct 783, 13 L Ed 2d 630 (1965), a case decided under the Sixth Amendment to the United States Constitution. In that case, the United States Supreme Court first noted that, although a criminal defendant historically did not have the right at common law to waive a jury trial and be tried by the court, it had construed the Sixth Amendment as *permitting* a criminal defendant to waive a jury trial.[5] However, the court then noted that its earlier precedent did not necessarily indicate that a defendant had the further *right* to insist on a trial to the court. *Id.* at 34-36, L Ed 2d at 637-39. *Singer* does not help the state because, unlike the Sixth Amendment, Article I, section 11, of the Oregon Constitution, both specifically recognizes a criminal defendant's right to waive jury trial in a noncapital case and specifies the circumstances in which the defendant's choice may be limited.

The state next argues that this court never before has construed Article I, section 11, as granting a defendant a right to insist on a court trial. It notes that

---

[5] *See Patton v. United States*, 281 US 276, 50 S Ct 253, 74 L Ed 854 (1930) (holding that a criminal defendant could waive right to trial by jury and be tried by court alone).

"[t]he provisions at issue in this case are common around the country, and the almost universal rule in those jurisdictions in which (as here) a statute or rule grants the government the right to demand a jury trial if the defendant waives jury is that a criminal defendant does *not* have a constitutional right to insist on a court trial over the prosecutor's objection."

(Emphasis in original; citations and footnote omitted.) The authorities the state relies on for that argument show only that the issue of a criminal defendant's right to insist on a trial to the court rather than by jury has been answered by various courts in various ways, depending on the wording of the applicable statutes and constitutions and on the particular procedural posture in which the issue arose. The case law cited by the state is to the same effect. None of those sources illuminates the text of Article I, section 11, of the Oregon Constitution.

Finally, the state relies on this court's discussion of the history of the pertinent parts of Article I, section 11, in *State v. Wagner*, 305 Or 115, 129-35, 752 P2d 1136 (1988), *vac'd on other grounds sub nom Wagner v. Oregon*, 492 US 914, 109 S Ct 3235, 106 L Ed 2d 583 (1989). In *Wagner*, a capital case, the defendant, who was representing himself, had pleaded guilty to the charge of aggravated murder. Thereafter, a jury empaneled for the purpose of determining the appropriate sentence returned a verdict imposing the death penalty. On automatic and direct review in this court, the defendant argued that Article I, section 11, of the Oregon Constitution, respecting the right of a defendant to waive a jury trial, established that it was impermissible for a defendant to plead guilty to a capital offense.

This court addressed the defendant's argument in *Wagner* by examining the clause at issue here, which was adopted by the people as an amendment to Article I, section 11, in 1932. After reviewing the background of the amendment, the court concluded that "the people [in adopting the amendment] did not have in mind abrogating the statutory and common-law rules that one could plead guilty to any charge." *Id.* at 131-32. Instead, the court explained,

"the sponsor of the measure, the House members who joined him in presenting the Voters' Pamphlet argument and the editors all regarded this amendment as *doing nothing more than changing the constitutional rule that a trial on a criminal charge had to be by jury*."

*Id.* at 134 (emphasis added).

The state argues that, in reaching the foregoing conclusion, this court relied on certain parts of the 1932 Voters' Pamphlet. *See id.* 132-34 (discussing 1932 Voters' Pamphlet materials on the proposed amendment to Article I, section 11). The state then argues that examining those same parts of the Voters' Pamphlet materials in light of the question presented here concerning the right of a defendant to waive jury trial over the state's objection reveals that the 1932 amendment did not extend such a right to criminal defendants.

We set out those parts of the 1932 Voters' Pamphlet materials on which the state places such emphasis at length, in order to address the state's theory:

"AMENDMENT AUTHORIZING CRIMINAL TRIALS WITHOUT JURIES BY CONSENT OF ACCUSED—Purpose: To provide that any accused person in other than capital cases, and with the consent of the trial judge, may choose to relinquish his right of trial by jury and consent to be tried by the judge of the court alone, such election to be in writing.

"* * * * *

"AMENDMENT AUTHORIZING CRIMINAL TRIALS WITHOUT JURIES BY CONSENT OF ACCUSED —Purpose: To authorize accused persons except in capital cases to relinquish right of trial by jury by consent of judge, and be tried by judge only.

**"(On Official Ballot, Nos. 302 and 303)
ARGUMENT (Affirmative)**

"Submitted by the joint committee of the senate and house of representatives, thirty-sixth regular session, legislative assembly, in behalf of the **Amendment Authorizing Criminal Trials Without Juries by Consent of Accused.**

"The purpose of this proposed constitutional amendment is to permit the accused in criminal cases, with the consent of the trial judge, to waive trial by jury and be tried by judge alone. This would apply to all crimes excepting capital offenses. *Although not expressly required by the wording of the amendment, it is nevertheless thought the consent of the district attorney should be obtained as well as that of the judge before whom the case may be tried.*

"*Under present requirements of the constitution, jury trial is compulsory in criminal cases.* There are many cases that may be tried by the judge, and without jury, speedily, economically and fully protecting the right of the accused. *The requirement that consent of accused and judge must both be obtained, with the suggestion that the approval of the district attorney be secured also in applying the measure, assure its carefully considered and reasonable use.*

"Similar provisions are effective in many states. *Rights of the state and accused are fully preserved* and the adoption of the amendment should accomplish a substantial saving in the time and expense now incurred in criminal trials. Where adopted its use is general and the percentage of court trials has been large.

"It should be kept in mind [that] the right to waive trial by jury, provided herein, applies only to criminal cases and requiring consent of accused and trial judge, cannot be used oppressively."

305 Or at 132-43 (emphasis added; boldface in original).

The state relies on the emphasized parts of the Voters' Pamphlet materials to claim that the history of the 1932 amendment establishes that the waiver clause in Article I, section 11, was not intended to create a *right* in a criminal defendant to *insist* on a court trial or to bar the legislature from granting to the state the right to demand a jury trial. "To the contrary," the state asserts, "the sponsors of the amendment at issue stated precisely the opposite—*i.e.*, that a court should obtain the district attorney's approval of a trial to the court before it accepts a defendant's waiver."

The flaw in the state's argument is that, like the wording of the amendment itself, the Voters' Pamphlet material speaks only to what the amendment *requires* with respect to what the defendant *must* do and what the trial

judge *may* do. The district attorney *is not mentioned* in the amendment. The district attorney is mentioned only in the Voters' Pamphlet material and, even there, mention of the district attorney's participation in the decision whether to allow a defendant to have a court trial is couched, as is the state's argument to this court, in terms of "should," rather than "must." By its plain terms, the wording in the Voters' Pamphlet materials on which the state relies is a recommendation that, in making its discretionary decision whether to allow a criminal defendant to waive trial by jury, the trial judge should consider and give due weight to the preferences of the district attorney. That is why the materials forthrightly acknowledge that the district attorney's consent is "not expressly required," and suggest only that such consent "should be obtained."

We conclude that nothing in the wording, case law, or history of Article I, section 11, indicates that it should not be given its natural and ordinary meaning. The constitution grants to only one person, the trial judge, the discretionary choice to deny a criminal defendant in a noncapital criminal case the right to waive trial by jury. The legislature's choice to provide such a right to the district attorney in ORS 136.001(1) infringes on the right granted by Article I, section 11, of the Oregon Constitution. The trial court did not err in refusing to recognize the state's assertion of its statutory right under ORS 136.001(1).

Petition for writ of mandamus denied.