Argued and submitted January 25, 2010, at University of Oregon, Eugene, affirmed February 16, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SAMUEL ALLEN WILSON,
*Defendant-Appellant.*

Washington County Circuit Court
C071438CR; A138740

247 P3d 1262

Joshua B. Crowther, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was

Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Schuman, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant drove his car one night in April 2007 after consuming alcohol. His driver's license was suspended at the time, as a result of a conviction for driving under the influence of intoxicants. When he noticed a police car following him, defendant sped away down a residential street and turned off his car's headlights. Eventually, he ran a stop sign and collided with another car. The driver of the other car sustained severe injuries; she died 10 days later. Based on those events, defendant was tried and convicted for first-degree manslaughter, ORS 163.118; second-degree assault, ORS 163.175; driving under the influence of intoxicants, ORS 813.010; and driving while suspended, ORS 811.182(4). Defendant appeals his judgment of conviction for those crimes and raises five assignments of error. We write to address one of them—that the trial court erred in refusing to allow defendant to waive his right to a jury trial and to try the case to the court—and reject the others without discussion. We affirm.

Before trial, defendant asked the trial court for its consent to allow him to waive his right to a jury trial and to try the case to the court. The court denied the request after discussing it with the prosecutor and defense counsel in chambers. At the beginning of the trial, the following colloquy occurred about the pretrial discussion and the court's decision:

> "[DEFENSE COUNSEL]: * * * I would like to simply for the record point out that Article I, Section 11 of the Oregon Constitution sets out the defendant's constitutional right to a jury trial and it specifically sets * * * out the defendant's right to waive a jury, with the Court's consent, I'm aware of that.
>
> "I understand the Court didn't grant that consent. I respect that. We're ready to proceed with a jury trial. I do want the record to reflect what happened yesterday, that we had a meeting in chambers, that the prosecutor objected to our waiver of a jury. In this case, the specific grounds were that he felt that the extreme indifference to the value of human life was a community standard that a jury and not a Judge should decide.

"I would simply argue that it's a legal standard like any others that we're dealing with. The Court's certainly capable of determining whether the facts meet that or not. And I would just point out that I don't think the State has any authority to intervene or object to a waiver. That's a defendant's right, again, with the Court's consent. You made your decision, I accept that. But I bring this up because I believe that it will have some bearing, some relationship with what we'll talk about in terms of [the] causation issue.

"THE COURT: Okay. Is there anything you want to say for the record on that?

"[PROSECUTOR]: Simply I—I didn't object. I just did—I did request that the Court exercise its discretion.

"THE COURT: Okay. Well, it's been my policy over the years to try to be in a situation where if someone had an objection to me acting as the finder of fact that I would not, in fact, act in that capacity. And, so, based upon the State's request here, I do not give my consent to—to allow the defendant to waive his right to jury trial and that's the end of the matter, as far as I'm concerned."

■ Defendant contends that the trial court abused its discretion in rejecting his request to waive trial by jury. In defendant's view, the court effectively turned the decision whether to grant his jury-waiver request over to the state by denying the request on the basis that the state wanted to try the case to a jury rather than to the court. He reasons, in turn, that that conflicts with Article I, section 11, of the Oregon Constitution, as interpreted in *State v. Baker*, 328 Or 355, 359-60, 976 P2d 1132 (1999).[1] In *Baker*, the court held that ORS 136.001,[2] which gives the state the right to a jury trial, conflicts with Article I, section 11, because the latter provision gives a defendant the right to waive a jury trial,

---

[1] Article I, section 11, provides, as pertinent, that "any accused person, * * * with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone[.]"

[2] ORS 136.001 provides:

"(1) The defendant and the state in all criminal prosecutions have the right to public trial by an impartial jury.

"(2) Both the defendant and the state may elect to waive trial by jury and consent to a trial by the judge of the court alone, provided that the election of the defendant is in writing and with the consent of the trial judge."

subject only to the requirement that the trial court consent to the waiver. Hence, according to defendant, the trial court violated Article I, section 11, and thereby abused its discretion by relying on the state's request for a jury trial as the basis on which to reject defendant's jury-waiver request.

■■ As noted, Article I, section 11, gives defendants in noncapital cases the right to waive a jury trial and be tried by the court. However, the trial court has discretion whether to grant such a request. *Baker*, 328 Or at 364. Accordingly, we review for abuse of discretion a trial court's decision to deny a defendant's jury-waiver request. *Id.* Discretion "refers to the authority of a trial court to choose among several legally correct outcomes." *Wells v. Santos*, 211 Or App 413, 418, 155 P3d 887, *rev den*, 343 Or 160 (2007) (citing *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000)). " 'If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion.' " *Id.* (quoting *Rogers*, 330 Or at 312).

Resolution of this case ultimately reduces to whether the trial court ceded to the state the decision whether to grant defendant's jury-waiver request. As the following discussion explains, we conclude that the record does not establish that the trial court did that.

The provision of Article I, section 11, at issue in this case—that is, the one that permits a defendant to waive the right to trial by jury in noncapital criminal cases—was adopted by Oregon voters as an amendment to the Oregon Constitution in the 1932 general election. The 1932 Voters' Pamphlet contained the following legislative explanation of the proposed amendment to Article I, section 11:

> "The purpose of this proposed constitutional amendment is to permit the accused in criminal cases, with the consent of the trial judge, to waive trial by jury and be tried by judge alone. This would apply to trial of all crimes excepting capital offenses. *Although not expressly required by the wording of the amendment, it is nevertheless thought the consent of the district attorney should be obtained as well as that of the judge before whom the case may be tried.*

"Under present requirements of the constitution, jury trial is compulsory in criminal cases. There are many cases that may be tried by judge, and without jury, speedily, economically and fully protecting the right of the accused. *The requirement that consent of accused and judge must both be obtained, with the suggestion that the approval of the district attorney be secured also in applying the measure, assure its carefully considered and reasonable use.*

"Similar provisions are effective in many states. Rights of the state and accused are fully preserved and the adoption of the amendment should accomplish a substantial saving in the time and expense now incurred in criminal trials. Where adopted its use is general and the percentage of court trials has been large.

"It should be kept in mind [that] the right to waive trial by jury, provided herein, applies only to criminal cases and requiring consent of accused and trial judge, cannot be used oppressively."

Official Voters' Pamphlet, General Election, Nov 8, 1932, 6 (emphasis added).

As the Voters' Pamphlet statement indicates, the 1932 amendment to Article I, section 11, was principally intended to promote the efficient use of judicial resources in noncapital criminal cases by changing the constitutional rule that required criminal charges to be tried by a jury. *See also State v. Hambrick*, 189 Or App 310, 322, 75 P3d 462 (2003) (Schuman, J., dissenting) (history of 1932 amendment to Article I, section 11, suggests that its primary purpose was to promote judicial economy). The statement also reveals that, although a defendant's election to waive jury trial in a noncapital criminal case depends on the consent of only the defendant and the court, the state's position on whether the court should grant a requested jury waiver was intended to be an appropriate factor for a court to consider in exercising its discretion to grant or deny a waiver.

As defendant correctly asserts, if the trial court's decision was based simply on the fact that the state opposed defendant's jury-waiver request, that is, if the court effectively gave the state veto power over defendant's request, then the court's ruling violated Article I, section 11. That is because, as the Supreme Court explained in *Baker*, Article I,

section 11, "grants to only one person the power to defeat a defendant's choice to be tried by the court sitting without a jury—the trial judge. The power to withhold consent is not granted to any other person or institution." 328 Or at 360. In this case, defendant points to the trial court's statement that it denied defendant's waiver "based upon the [s]tate's request," and asserts that the court's decision thus "vitiated defendant's constitutional rights" because it "was simply based on the state's objection."

We disagree with defendant's assertion because, viewed in context, we conclude that the trial court's statement is susceptible of an understanding that does not run afoul of Article I, section 11. The court said that its policy was "to *try* to be in a situation where if someone had an objection to me acting as the finder of fact that I would not, in fact, act in that capacity." (Emphasis added.) We understand that to mean that the court would not automatically and invariably accede to a party's objection to the court acting as a fact-finder. The statement implies that the court would consider the arguments and positions of the parties in making its decision on a jury-waiver request and might decide to act as the factfinder notwithstanding a party's objection. In other words, the court's decision to deny the motion to waive jury does not reflect an understanding that the court had no choice but to deny the waiver request simply because the state wanted to try the case to a jury. Accordingly, in light of the above considerations and on this record, we cannot conclude that the trial court ceded to the state the decision whether to grant defendant's waiver request and thereby violated Article I, section 11.

Defendant's sole argument on appeal on the jury-waiver issue is that the court violated Article I, section 11, in denying his waiver request and thereby abused its discretion in acting on the request. He does not challenge the court's waiver decision on any other basis. Consequently, we conclude that the court did not abuse its discretion in denying the waiver request.

Affirmed.