Argued and submitted May 28, 2010, affirmed February 23, petition for review allowed August 18, 2011 (350 Or 573)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES ANTHONY HARRELL,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR060548; A138184

250 P3d 1

Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

SERCOMBE, J.

**SERCOMBE, J.**

◼        Defendant appeals a judgment of conviction for two counts of second-degree assault, assigning error to the trial court's denial of his right to waive a jury trial under Article I, section 11, of the Oregon Constitution.[1] Because the trial court did not abuse its discretion in denying defendant's request to waive jury trial, we affirm.

Defendant was charged with multiple counts of assault, attempted assault, and unlawful use of a weapon, and his case was tried to a jury. After the jury had been deliberating for several hours, defendant proffered a written waiver of his right to a jury trial and sought to have the trial court act as factfinder. Defendant explained that his request was prompted primarily by a question that the jury had submitted to the court: "Can (Is it allowed that a person[']s) demeanor from 'self defense' to 'intent to cause injury' be done instantaneously[?]" The trial court responded that it did not understand the question, and allowed the jury to clarify or rephrase it. From the record, it appears that the jury never clarified and resubmitted its question to the court. Defendant opined that the question demonstrated that the jury was "hopelessly confused." The state objected to the waiver.

The court denied the waiver on the ground that it did not have discretion at that point in the proceeding to allow the waiver, absent agreement by the state:

"But I think—what was brought to my attention by [defense counsel] is her client's desire to waive a jury or * * * discharge the jury and submit the matter to the Court, at this stage. And I think, candidly for the record, I said I would if both sides agreed. I think the Court probably could if both sides agree to do that, but absent agreement by both sides, I don't think the Court has the authority to grant that motion.

---

[1] Defendant also challenges the nonunanimity of the jury verdicts finding him guilty, arguing that they are unconstitutional under the Sixth and Fourteenth Amendments to the United States Constitution. Although that assignment of error was not preserved at trial, defendant argues that it constitutes "plain error." *See* ORAP 5.45. Defendant's argument has been rejected in numerous cases, *see, e.g., State v. Cobb,* 224 Or App 594, 596-97, 198 P3d 978 (2008), *rev den,* 346 Or 364 (2009), and we decline to revisit it here.

"* * * * *

"* * * [T]he question in * * * my mind is whether the defendant has a constitutional right to waive a jury at this stage in the proceeding, and I would have to conclude that he does not. And [*State v. Baker*, 328 Or 355, 976 P2d 1132 (1999),] was a different stage. That was earlier on where the Victim's Rights Initiative, as it was called, required essentially the consent of the State to waive * * * a jury.

"* * * * *

"* * * [I]t goes further, that I think at this stage in the process I don't think I even have the discretion—I have the discretion to do it if both sides agree. I—and I said to you I would be willing to, but I don't think I have the discretion to dismiss the jury at this stage.

"The [jury's] question is a little odd. We all noticed that and hence the request that they clarify it if they want to. But I also think that if I was to dismiss the jury based upon that question, I would be in large part speculating about what's in their minds and what's going on in their deliberations and that's not something I think the Court should do. Or, I would be interpreting that question as essentially grounds for a mistrial and that wouldn't be appropriate, either.

"So, that's my reasoning. As I said to you I would be willing to make the decision, but I don't think that the law permits me to do so. So the Motion to Dismiss the Jury and Waive Jury Trial at this stage is denied."

Despite denying defendant's request, the trial court rendered a provisional verdict to avoid retrial "in the event that * * * an Appellate Court determines that the defendant does have the right to waive his right to a jury trial at this proceeding. * * * I have ruled previously that the defendant does not have that right * * *." The parties agreed to be bound by the court's verdict if the case were reversed on appeal.

The jury subsequently rendered its verdict, finding defendant guilty of two counts of second-degree assault but acquitting defendant of the other charges. The trial court then read its own (provisional) verdict, which would have acquitted defendant of all charges.

After trial, but before judgment was entered, defendant moved the court to reconsider its decision denying defendant's waiver of jury trial on the grounds that the court did, in fact, have authority to grant the waiver during jury deliberations and that, in denying the waiver "absent agreement by both sides," it impermissibly conditioned the waiver on the state's consent. In the alternative, defendant moved for a new trial on the same grounds.

At the hearing on the motions, the court recharacterized its decision as a discretionary one:

"I want to say it, again, that * * * I ruled at that time I didn't believe that the defendant had a constitutional right to waive a jury at that stage * * *. And if I'm wrong about that, I trust that if this case does proceed to that level, the Appellate Court will tell me so.

"I don't want it confused, though, with the * * * language that was used or the discussion that occurred where the State said I would be willing to do—or I said, I'd be willing to do that if both sides agreed. I'm not saying that the State has a veto power over that. * * * I am saying that * * * one, I think the defendant doesn't have a right. So that means that the Court has some discretion to do that or not do that, and I exercised the discretion not to, given the late stage in the proceedings that[ ] that was arrived at.

"I do believe the defendant clearly does have a constitutional right to waive a right to a jury trial, before the trial commences, but I think after that, it's discretionary. And this one, coming at the very latest stage in the proceedings that it possibly could, just before verdict * * *. It was not that the State had a veto. I think the case law's very clear on that * * *.

"* * * * *

"So we're left, then, with whether the Court should reconsider the discretionary decision I exercised in this case, while the jury was out, to not allow the defendant to waive a jury trial.

"* * * * *

"The biggest consideration was the timing of the waiver and whether that was appropriate under the circumstances of the case.

"My reference, by the way, to the State if the State agreed was, to me it was a parallel to a situation where the State and the Defense are able to agree to some plea to some lesser charge while the jury's out. That does happen fairly regularly and in theory the Courts and in law, I believe, ha[ve] the discretion to accept or not accept that, even at a late stage. But, I would have accepted that, if it was in the nature of a plea agreement at that stage, with both sides agreeing."

The court took the matter under advisement.

At a subsequent hearing, the trial court denied defendant's "motion for reconsideration" and motion for a new trial. The court elaborated on its reasoning:

"Again, I think it is important to note that this is not a case where the Court is giving the State essentially veto power over that decision. I didn't give it then, I don't give it now. * * * I think it is a Court's decision to be made and I made it and, right or wrong, it's the decision that I've made on my own without reference to veto power of the State.

"To the extent we talked about that, I did indicate that I was willing to make it, if both sides wanted me to, and that was essentially—and I saw that as being akin to the case where—during the time that the jury is out, the attorneys come to the * * * Judge and say, 'Look, Judge, we've * * * reached an agreement here. We want to settle this matter and negotiate a plea or some negotiated outcome.' And the Court has the discretion to accept that or not accept that, too. And * * * I was willing to, if indeed the parties were coming to me and making that decision.

"I also pointed out that Judges, in listening to a trial, listen differently * * * when they're finder of fact than they do when they are the * * * legal arbiter, if you will, and the person in charge of the court operations and procedure generally. You look more detailed at the facts. I know I take a lot more notes and I * * * have a lot more focus on the facts when I'm * * * going to be called upon to render a decision, whether it's in a non-jury case or a jury case, than I do when I know for sure that it's a non-jury case.

"I did point out then and I feel like I should point out again that some factor in the Court's decision is my familiarity with a close witness for the Defense, that I thought

that that * * * might be perceived as having some influence on my decision if I was the trier of fact.

"* * * * *

"* * * [O]ne of the things I've had, quite frankly, a hard time making sure I'm sorting out properly is * * * my individual decision about the facts and verdict as * * * compared to the jury's decision wasn't interfering with my ability * * * to make the right decision over all.

"But that's not really the issue. The issue is whether that was a decision to be made by the jury or by me. The defendant voiced a decision * * * very late in the * * * proceedings to have that being made by me. I have no doubt had it been made at the beginning of the trial, * * * it would have been a non-issue.

"* * * * *

"I'm satisfied, though, after reviewing this matter thoroughly and thinking about it a great deal, that my decision should stand. * * * But, *to the extent that it is in my discretion to change my mind and reconsider, I'd have to tell you that I have reconsidered, but still, having reconsidered, I * * * believe that my decision was the correct one at the time * * *.*"

(Emphasis added.)

On appeal, defendant first argues that the trial court erred in concluding that it lacked authority to grant a waiver during jury deliberations except by agreement of the state. Defendant contends that the court did have discretion to grant the waiver, that it failed to exercise that discretion, and that that failure effectively ceded the court's authority to the state. The court's post-trial comments purporting to exercise its discretion on reconsideration, defendant maintains, should not be considered in reviewing the decision. In any event, defendant argues that, even if the court exercised discretion in denying the waiver, the court abused its discretion by conditioning the waiver on the state's consent.

The state does not dispute that the trial court could, at the election of the defendant and with the court's consent, waive trial by jury after the jury had already retired to deliberate. Rather, the state contends that the trial court's

decision denying defendant's request to waive trial by jury was based on a number of appropriate considerations and that, looking at the record as a whole, the trial court properly exercised its discretion. For the reasons that follow, we agree that the trial court exercised, and did not abuse, its discretion.

■      Article I, section 11, provides, in part:

> "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; * * * provided, however, that any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing * * *."

That provision gives a defendant in a noncapital criminal case the right to waive a jury trial, subject only to two conditions: "(1) the defendant's election to waive the right to trial by jury must be in writing; and (2) the trial judge must consent to the waiver." *State v. Baker*, 328 Or 355, 359, 976 P2d 1132 (1999).

There is no additional textual limitation on *when* a defendant must waive the right to be tried by a jury. Nor has any case squarely addressed whether a defendant's waiver is temporally circumscribed by the commencement of trial or some other event.[2] We note that the history of the constitutional amendment creating the waiver provision in Article I, section 11, suggests that the amendment was aimed at improving judicial economy in criminal trials. *See Baker*, 328 Or at 363 (quoting 1932 Voters' Pamphlet that "adoption of the amendment should accomplish a substantial saving in the time and expense now incurred in criminal trials"). That,

---

[2] There have been indirect references to the timing of the waiver in previous cases, but we treat those references as *dicta*. *See State v. Barber*, 343 Or 525, 529, 173 P3d 827 (2007) (in discussing the peculiarity of the waiver provision, the court stated that "Article I, section 11, not only recognizes a right but also specifies the only way in which that right may be lost, *viz.*, by a written waiver executed before trial commences, together with trial court consent"); *State v. Swint*, 3 Or App 528, 475 P2d 434 (1970) (waiver of jury after the state had rested its case was upheld as competent). Neither of those cases presented the issue of *when* a defendant may waive his jury trial right or contained any discussion of the timing of the waiver. Rather, those cases dealt with the lack of a written waiver and the competency of the defendant to waive, respectively.

of course, suggests that the ability to waive jury trial would not extend to circumstances where no savings in time or cost would result from a waiver, such as where the case has been tried to a jury and the jury is already deliberating. However, because neither party in this case contends that the ability to waive jury trial is extinguished upon commencement of trial (or at some other point during the proceedings), we need not decide the issue. Rather, we assume for purposes of this case that the waiver may be invoked anytime prior to the jury verdict, subject to the same limitations as in any other case: the waiver must be in writing and the trial judge must consent to the waiver.

█        The trial court's decision whether to grant a defendant's waiver of trial by jury is a discretionary one. *Baker*, 328 Or at 364. Thus, where the decision in fact results from an exercise of discretion, it will not be disturbed on appeal absent an abuse of discretion. *State v. Wilson*, 240 Or App 711-12, 247 P3d 1262 (2011); *cf. State v. Maddox*, 165 Or App 573, 576, 997 P2d 276, *rev den*, 331 Or 244 (2000) (treating as legal error trial court's failure to exercise discretion where it determined that it lacked authority to grant the defendant's waiver).

As an initial matter, then, we must determine whether the trial court exercised discretion in denying defendant's waiver. Defendant argues that, if we confine our review to the court's statements at trial, it is clear that the court did not exercise discretion. Defendant contends that the court's later statements should not be considered because they were merely *post-hoc* rationalizations of its earlier decision.

█        We disagree. While at times the court's post-trial statements seem to recast its earlier decision, the trial court was making an independent determination reconsidering the matter ("[T]o the extent that it is in my discretion to change my mind and reconsider, I'd have to tell you that I have reconsidered, but still, having reconsidered, I * * * believe that my decision was the correct one at the time * * *."). The trial court had authority to correct any earlier error by granting a new trial upon defendant's motion. *See* ORS 136.535 (making ORCP 64 A, B, and D to G applicable to new trials in

criminal actions); ORCP 64 B(1), (6) ("A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party: (1) * * * abuse of discretion, by which such party was prevented from having fair trial[;] * * * (6) Error in· law occurring at the trial and objected to or excepted to by the party making the application."). Defendant pointedly raised his objection to the denial of the waiver in his post-trial motion and asked for reconsideration of the jury waiver issue. Thus, we may properly consider the court's post-trial comments in determining whether it exercised discretion in denying defendant's waiver.

Defendant nevertheless contends that this case is analogous to *Baker* in that the trial court impermissibly based its decision on the state's objection and thus effectively failed to exercise discretion in denying defendant's waiver. In *Baker*, the court held unconstitutional a portion of ORS 136.001 that gave the state the right to demand a jury trial.[3] *Baker*, 328 Or at 364. The court explained that Article I, section 11, "grants to only one person the power to defeat a defendant's choice to be tried by the court sitting without a jury—the trial judge. The power to withhold consent is not granted to any other person or institution." *Id.* at 360. *Baker* thus stands for the proposition that, although the trial court's decision whether to grant a defendant's jury waiver is discretionary, the court may not deny a waiver based exclusively on the state's objection without encroaching upon the defendant's Article I, section 11, rights. *Id.* at 364; *see also Wilson*, 241 Or App at 713.

■      Here, in light of the court's post-trial comments, it is apparent that its determination was not based exclusively on the state's objection to the waiver. Instead, the court engaged in an evaluative process; it discussed a number of factors that

---

[3] That statute provides:

"(1) The defendant and the state in all criminal prosecutions have the right to public trial by an impartial jury.

"(2) Both the defendant and the state may elect to waive trial by jury and consent to a trial by the judge of the court alone, provided that the election of the defendant is in writing and with the consent of the trial judge."

influenced its decision and made a choice based on those considerations. Thus, we conclude that the court exercised discretion in making the choice whether to grant defendant's jury waiver. *See State ex rel Maizels v. Juba*, 254 Or 323, 330, 460 P2d 850 (1969) (discretion "describes a situation where a choice can be made among several courses of action, any one of which is legally permissible").

■■ Lastly, we must determine whether the court abused its discretion in denying defendant's waiver. "The trial court abuses its discretion if it exercises that discretion in a manner that is unjustified by, and clearly against, reason and evidence." *Forsi v. Hildahl*, 194 Or App 648, 652, 96 P3d 852 (2004), *rev den*, 338 Or 124 (2005). As noted, the trial judge considered a number of factors in making its determination: the timing of the waiver; the difference in perspective or attention he may have had during trial if he were the trier of fact; the appearance of impropriety given his familiarity with a defense witness; the danger of speculating on the jury's mental processes based on its question; and the state's objection to the waiver. Defendant argues, in essence, that the court allowed the last factor to predominate its decision-making and that it therefore abused its discretion.

■ As noted, the court may not base its decision exclusively on the state's opposition to the jury waiver. Nonetheless, the state's position is a permissible consideration. *See Baker*, 328 Or at 364 (noting that the Voters' Pamphlet recommends that the trial court consider the preferences of the prosecutor in making its discretionary decision); *Wilson*, 241 Or App at 713 (same). Thus, merely because the trial court in this case considered the state's preference does not mean the court's decision was an abuse of discretion. Moreover, the court's persistence in stating that it would have allowed the waiver with the state's agreement does not demonstrate that it gave undue weight to the state's preference; rather, it merely demonstrates that the court was willing to reweigh the factors if the state did not oppose the waiver. Indeed, as the court stated, the primary factor in its decision was the timing of the waiver—*i.e.*, the lateness of defendant's request—not the state's opposition to it.

We see no reason why the lateness of the waiver was not an appropriate factor for the court to consider. To the contrary, the timing of the waiver was particularly relevant given that the trial court and the parties might have approached the case differently knowing that the court, and not a jury, would act as factfinder. We conclude that the court's decision was based on reasoned considerations under the circumstances of this case. Therefore, the trial court did not abuse its discretion in denying defendant's waiver of trial by jury.

Affirmed.