20CA0751 Peo in Interest of GCI 01-20-2022 COLORADO COURT OF APPEALS Court of Appeals No. 20CA0751 Weld County District Court No. 17JD322 Honorable Thomas J. Quammen, Judge The People of the State of Colorado, Petitioner-Appellee, In the Interest of G.C.I., Juvenile-Appellant. ORDER VACATED Division IV Opinion by JUDGE TOW Richman and Grove, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 20, 2022 Philip J. Weiser, Attorney General, Frank R. Lawson, Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee Megan A. Ring, Colorado State Public Defender, Mark Evans, Deputy State Public Defender, Denver, Colorado, for Juvenile-Appellant
1 ¶ 1 G.C.I., a juvenile, appeals the district court’s order imposing restitution. We vacate the restitution order. I. Background ¶ 2 G.C.I. pleaded guilty to sexual assault on a child. The district court imposed a two-year deferred adjudication. ¶ 3 The People filed an amended notice of restitution asking the district court to order G.C.I. to pay $3,861.00 in restitution based on restitution reports from the local crime victim compensation board (CVCB). The CVCB’s reports, which were admitted into evidence at the restitution hearing, categorized the payments to the victim, S.M., and her mother. For S.M., the CVCB report listed the following: • medical services — $2539.00; and • therapy — mental health — $410.00. For S.M.’s mother the CVCB report listed the following: • economic support — wages — $912.00. ¶ 4 At the restitution hearing, the prosecution relied on the CVCB reports and called the CVCB coordinator as its only witness. At the conclusion of the hearing, the district court ordered $3,861.00 in restitution. 
2 ¶ 5 G.C.I. appeals. He asserts that the prosecution presented insufficient evidence to establish the amount of restitution claimed. Because we agree with this contention, we do not need to address G.C.I.’s other arguments — that the district court erred by denying his motion to review the CVCB records in camera and that his due process rights were violated. II. Sufficiency of the Evidence A. Standard of Review and Applicable Law ¶ 6 We review de novo whether evidence was sufficient to support a restitution award. People v. Barbre, 2018 COA 123, ¶ 25. In doing so, we evaluate “whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, establishes by a preponderance of the evidence that the defendant caused that amount of loss.” Id. ¶ 7 Criminal defendants must “make full restitution to those harmed by their misconduct.” § 18-1.3-601(1)(b), C.R.S. 2021. Restitution “means any pecuniary loss suffered by a victim . . . proximately caused by an offender’s conduct . . . that can be reasonably calculated and recompensed in money.” § 18-1.3-602(3)(a), C.R.S. 2021. 
3 ¶ 8 The prosecution must prove by a preponderance of the evidence that the defendant’s conduct proximately caused the victim’s loss and the restitution amount owed. People v. Henry, 2018 COA 48M, ¶ 15. “Proximate cause in the context of restitution is defined as a cause which in natural and probable sequence produced the claimed injury and without which the claimed injury would not have been sustained.” People v. Rivera, 250 P.3d 1272, 1274 (Colo. App. 2010). ¶ 9 Crime victims and their relatives may seek compensation from a CVCB for losses caused by criminal conduct, including, as relevant here, medical expenses, mental health counseling, and loss of earnings. §§ 24-4.1-102(10), -108, -109(1), C.R.S. 2021. When a CVCB pays a victim compensation claim, it is a “victim” for purposes of the restitution statute. § 18-1.3-602(4)(a)(IV). Therefore, “[i]f a CVCB awards compensation to a victim or other qualifying person, the CVCB is eligible to seek and obtain restitution from a defendant in [a] criminal proceeding.” People v. Martinez-Chavez, 2020 COA 39, ¶ 13. ¶ 10 The restitution statute creates a rebuttable presumption that “the amount of assistance provided and requested by the [CVCB] is 
4 presumed to be a direct result of the defendant’s criminal conduct and must be considered by the court in determining the amount of restitution ordered.” § 18-1.3-603(10)(a), C.R.S. 2021; see Martinez-Chavez, ¶ 20. The rebuttable presumption shifts the burden to the defendant to present evidence to show that the amount paid was not the direct result of his criminal conduct. Henry, ¶ 19. “[I]f that burden is not met, [the presumption] establishes the presumed facts as a matter of law.” Id. at ¶ 17 (quoting Krueger v. Ary, 205 P.3d 1150, 1154 (Colo. 2009)). However, in order to trigger the rebuttable presumption, the prosecution must establish the amount of assistance provided. Martinez-Chavez, ¶ 20. ¶ 11 The restitution statute prescribes two alternative ways of establishing this amount: “[a] list of the amount of money paid to each provider;” or “summary data reflecting what total payments were made for” medical and dental expenses, funeral or final disposition expenses, mental health counseling, wage or support losses, or other expenses. § 18-1.3-603(10)(b). However, the second method of establishing the amount provided may only be 
5 used “[i]f the identity or location of a provider would pose a threat to the safety or welfare of the victim.” § 18-1.3-603(10)(b)(II). B. Analysis ¶ 12 G.C.I. contends that the prosecution presented insufficient evidence to prove that he was liable for the amount of restitution claimed because the prosecution relied on CVCB summary data to establish the amount of assistance provided without disclosing the identity or location of any provider but failed to demonstrate (or even assert) that disclosing the identity or location of any provider would pose a threat to the safety or welfare of S.M. We agree. ¶ 13 As a threshold matter, the People argue that G.C.I. failed to preserve this issue because he did not raise the failure to produce a list of the amount of money paid to each provider at the restitution hearing. But, at its core, G.C.I.’s claim is that the statute establishes the evidentiary threshold for proving the amount of restitution owed in this context and the prosecution’s failure to comply with the statute means that evidentiary threshold was not met. In other words, even couched in this manner, G.C.I.’s argument is an attack on the sufficiency of the evidence. See McCoy v. People, 2019 CO 44, ¶ 34 (holding that unpreserved 
6 sufficiency of the evidence claims are reviewed de novo “even if consideration of the issue involves a preliminary question of statutory construction”). Thus, we review G.C.I.’s claim de novo. ¶ 14 The prosecutor relied exclusively on the second method of proving the amount of assistance provided by the CVCB — “summary data reflecting what total payments were made.” See § 18-1.3-603(10)(b)(II). As noted, the restitution statute only permits the use of summary data to establish the amount of assistance provided by the CVCB “[i]f the identity or location of a provider would pose a threat to the safety or welfare of the victim.” Id. The prosecutor did not assert that the location or identity of the providers would pose a threat to the safety or welfare of S.M., nor did she present any evidence to that effect. See Martinez-Chavez, ¶ 20. ¶ 15 In the absence of such evidence, the statute permits only one way to establish the amount of assistance provided by the CVCB: “[a] list of the amount of money paid to each provider.” § 18-1.3-603(10)(b)(I). But, as noted, the prosecutor did not provide such a list. Consequently, we conclude that the prosecution did not present sufficient evidence to establish the amount of assistance 
7 provided. See Martinez-Chavez, ¶ 20 (holding that the prosecution failed to establish the amount of assistance provided because it “did not provide a list of providers nor did they even argue that disclosure of such a list would pose a threat to the safety or welfare of any victim”). In other words, the evidence was insufficient to support the amount of restitution claimed. III. Conclusion ¶ 16 The district court’s restitution order is vacated. JUDGE RICHMAN and JUDGE GROVE concur.